Opinion filed June 16,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-09-00021-CR 

                                                    __________

 

                                  KATHI
ANN ROGERS, Appellant

                                                             V.

                                      STATE
OF TEXAS, Appellee



 

                            On
Appeal from the Criminal District Court No. 4

                                                           Tarrant
County, Texas

                                                  Trial
Court Cause No. 1081077D

 



 

                                            M E M O R A N
D U M   O P I N I O N

 

            The
jury convicted Kathi Ann Rogers of the offense of possession of less than one
gram of methamphetamine.  Upon a plea of true to the enhancement paragraph, the
trial court assessed punishment at confinement for four years.  We affirm.  

            Appellant
presents four issues for review.  In the first and second issues, she complains
that the prosecutor improperly attempted to commit some of the members of the
venire panel to a particular result based upon certain facts.  In the third and
fourth issues, appellant asserts that the trial court erred in denying her
motion to suppress because she was impermissibly detained.  

            With
respect to the first and second issues, appellant is correct in that an
attorney cannot attempt to bind or commit prospective jurors to a particular
verdict or result based on a hypothetical set of facts.  See Standefer v.
State, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001).  The purpose for
prohibiting such questions is “to ensure that the jury will listen to the
evidence with an open mind–a mind that is impartial and without bias or
prejudice.”  Sanchez v. State, 165 S.W.3d 707, 712 (Tex. Crim. App.
2005).  To determine whether a voir dire question called for an improper
commitment, we must first determine whether the particular question was in fact
a commitment question and, if so, then determine whether it was an improper
one.  Lee v. State, 206 S.W.3d 620, 621 (Tex. Crim. App. 2006).  An
improper commitment question attempts to create a bias or prejudice in the
prospective juror before he has heard the evidence, whereas a proper voir dire
question attempts to discover a prospective juror’s preexisting bias or
prejudice.  Sanchez, 165 S.W.3d at 712.  A commitment question is proper
if it gives rise to a valid challenge for cause and includes only those facts
necessary to establish the challenge for cause.  Standefer, 59 S.W.3d at
181-82.  

            Appellant’s
first issue relates to the following question asked by the prosecutor to a
venireman who was of the opinion that “it’s a waste of time” to try cases where
a small amount of controlled substance is involved: 

If you were chosen to sit as a
juror on this case and we proved to you beyond a reasonable doubt that this
defendant was in possession of a chemically-created substance -- and in the
case we’re talking about methamphetamine -- of less than a gram, and you
believed that beyond a reasonable doubt, would you find her guilty or would you
find her not guilty because of your feelings? 

Appellant
objected, and the trial court overruled the objection.  

            The
State contends that appellant waived his objection to this question by failing
to object to other questions on this topic that were posed to various
prospective jurors.  We disagree.  See Halprin v. State, 170 S.W.3d 111,
118-21 (Tex. Crim. App. 2005) (where the court addressed the Standefer
issue with respect to the questions to which the defendant had objected at
trial, but held that the defendant had waived the Standefer issue with
respect to the questions to which he had not objected).  The State also
contends that appellant’s objection at trial was not sufficient to notify the
trial court of his complaint.  The record shows that, after the prosecutor
asked the question, appellant objected “under Standifer” [sic].  As did the court
in Halprin when the defendant objected “violation of Standifer [sic],”
we will assume that appellant’s objection was sufficient to alert the trial
court to a claim that the prosecutor’s question was an improper commitment
question.  170 S.W.3d at 119-20. 

            The
question at issue in the present case was clearly a commitment question, as it
sought to elicit a commitment from a potential juror as to whether or not he
would convict appellant if the amount of methamphetamine that she possessed was
less than one gram.  However, it was not an improper commitment question
because it would have led to a challenge for cause and because it did not
include any evidentiary facts or non-statutory manners and means.  See
Standefer, 59 S.W.3d at 182 (“The State could have permissibly questioned
the prospective jurors about their ability to follow a law that holds a person
guilty of possession even though the possession involves only a residue amount
of the drug in question.”); see also Cardenas v. State, 325 S.W.3d 179,
189 (Tex. Crim. App. 2010).  Appellant’s first issue is overruled.  

            Appellant’s
second issue relates to the following colloquy from voir dire regarding the
meaning of the term “possession”:

[PROSECUTOR]:  . . . . 
So care, custody, control, or management.  What are the ways that a person can
possess drugs?  Mr. Bradshaw said if they have it on their person, maybe in
their pocket.  What else?  Where else might a person have something that shows
that they are in possession of it, but it’s not necessarily in their pocket?

VENIREWOMAN: 
In their purse, on their --

            [PROSECUTOR]: 
Okay.  I believe Ms. Bowles, you said in your purse?

            VENIREWOMAN
BOWLES:  Yes. 

            [PROSECUTOR]: 
Exactly, that’s a great --

Appellant then objected
under Standefer that the prosecutor was improperly attempting to bind
the prospective jurors.  Appellant’s objection to the prosecutor’s question was
untimely because it was not made at the earliest possible opportunity.  Turner
v. State, 805 S.W.2d 423 (Tex. Crim. App. 1991); Montgomery v. State,
198 S.W.3d 67, 74 (Tex. App.—Fort Worth 2006, pet. ref’d).  Appellant,
therefore, preserved nothing for review.  Appellant’s second issue is
overruled.  

            In
her third and fourth issues, appellant complains that the trial court erred in
denying her motion to suppress because she was impermissibly detained beyond
the scope of the original purpose for her detention.  Appellant relies upon the
Fourth Amendment in her third issue and upon the state constitution in her
fourth issue.  

            At a
hearing on a motion to suppress, the trial court is the sole factfinder and the
judge of the witnesses’ credibility, and we may not disturb any finding that is
supported by the evidence unless an abuse of discretion is shown.  Guzman v.
State, 955
S.W.2d 85 (Tex. Crim. App. 1997); Davis v.
State, 829
S.W.2d 218 (Tex. Crim. App. 1992).  In reviewing a trial court’s
ruling on a motion to suppress, appellate courts must give great deference to
the trial court’s findings of historical facts as long as the record supports
the findings.  Guzman, 955 S.W.2d at 87.  Because
the trial court is the exclusive factfinder, appellate courts review the
evidence adduced at the suppression hearing in the light most favorable to the
trial court’s ruling.  Carmouche
v. State, 10
S.W.3d 323, 327 (Tex. Crim. App. 2000).  We also give deference to
the trial court’s rulings on mixed questions of law and fact when those rulings
turn on an evaluation of credibility and demeanor.  Guzman, 955 S.W.2d at 87.  Where
such rulings do not turn on an evaluation of credibility and demeanor, we
review the trial court’s actions de novo.  Id. 

            The
record shows that appellant was stopped by Officer M.E. Byrd for running two
stop signs.  Officer Byrd testified that appellant seemed frantic and that,
before he had a chance to ask any questions, appellant stated that her daughter
was having an asthma attack.  Though the daughter did not seem to be having any
trouble breathing, Officer Byrd asked if she needed an ambulance.  Appellant
then began volunteering information on other topics, including that she was on
parole for possession of a controlled substance.  Officer Byrd had appellant
step out of the vehicle.  Approximately fifteen minutes after the initial stop,
Officer Byrd asked appellant for consent to search the vehicle.  Appellant
voluntarily consented, both verbally and in writing. During the search of
appellant’s car, Officer Byrd found three baggies, a metal pipe, and a scale in
appellant’s purse.  Two of the baggies contained residue, and one of the
baggies contained a crystal substance that was later determined to be methamphetamine.

            Appellant
correctly states that an investigative detention must be temporary and last no
longer than is necessary to effectuate the purpose of the stop.  Florida v.
Royer, 460 U.S. 491, 500 (1983); Davis v. State, 947 S.W.2d 240, 243
(Tex. Crim. App. 1997).  In this case, however, appellant was stopped for a
traffic violation and, within fifteen minutes and prior to the effectuation of
the purpose of the traffic stop, had consented to a search of her vehicle.  The
trial court did not abuse its discretion in determining that appellant was not
unnecessarily detained.  Furthermore, appellant does not challenge the voluntariness
of her consent.  If consent is
given voluntarily, a search incident to that consent is not unreasonable.  Reasor v.
State, 12 S.W.3d
813, 818 (Tex. Crim. App. 2000).  Appellant’s third and fourth
issues are overruled. 

            The
judgment of the trial court is affirmed.  

 

 

                                                                                                JIM
R. WRIGHT

June 16, 2011                                                                          CHIEF
JUSTICE

Do not publish. 
See Tex. R. App. P.
47.2(b).

Panel[1]
consists of:  Wright, C.J.,

McCall, J., and Hill, J.[2]









[1]Rick Strange, Justice, resigned effective April 17,
2011.  The justice position is vacant pending appointment of a successor by the
governor.





 

[2]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.