**Opinion issued December 28, 2012.**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NOS. 01-11-01020-CR, 01-11-01021-CR

———————————

## RANDY LERMA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 149th District Court**
**Brazoria County, Texas**
**Trial Court Case No. 62565**

**MEMORANDUM OPINION**

A jury found appellant, Randy Lerma, guilty of the offenses of sexual assault of a child[1] and indecency with a child by contact.[2] The jury assessed his punishment for each offense at confinement for 15 years, and the trial court ordered the sentences to run concurrently. In his sole point of error, appellant contends that the trial court erred in denying him the right to ask the venire panel a question concerning the imposition of the maximum punishment allowed.

We affirm.

## Background

The complainant testified that in September 2009, appellant initiated a relationship with her by texting to her the word "hey." The complainant was 14 years old at the time, and she responded to the text message even though she did not know the sender. The relationship developed into daily text messaging, and, after about one week, appellant asked the complainant to send him photographs of her, with and without clothing.

The complainant, who told appellant that she was only 14, eventually sent appellant photographs of herself wearing only a bra and panties. Appellant

---

[1] *See* TEX. PENAL CODE ANN. § 22.011 (West 2011); trial court cause no. 62565; appellate cause no. 01-11-01020-CR.

[2] *See* TEX. PENAL CODE ANN. § 21.11 (West 2011); trial court cause no. 62565; appellate cause no. 01-11-01021-CR.

responded that she looked "hot" and sent her a photograph of his erect penis. Appellant asked for photographs of her breasts and vagina, and the complainant eventually sent appellant the requested photographs. Appellant then told her that he would like to touch those parts of her body "one day."

In December 2009, appellant drove to the complainant's neighborhood in Pearland, Texas from his home in the Lubbock, Texas area. The two met on a sidewalk, and appellant gave the complainant gifts, including candy, shirts and energy drinks. Appellant and the complainant talked for about 20 minutes, and then appellant hugged her and left.

The relationship continued long distance with text messages and emails, with appellant and the complainant sending photographs to each other. They eventually met again in San Marcos, Texas when the complainant was there for her sister's softball tournament. By this time, the complainant had turned 15 years old. The two met for about 20 minutes at a mall, and they went to a Cavender's store where appellant bought the complainant some shirts. Appellant and the complainant met later at the softball tournament where appellant kissed her. The two continued to text and send photographs to each other during this time in San Marcos. The complainant sent appellant a video of herself masturbating, and appellant responded that he "wanted to do that" to the complainant.

A few days later, on May 22, 2010, appellant met with the complainant at Independence Park in Pearland. The two rode in appellant's car to a secluded place near a wooded area. Appellant, after parking his car, used a sun visor to cover the front windshield even though it was evening. Appellant then kissed the complainant, took off her shorts and panties, touched her vagina, and performed oral sex on her until she told him to stop. Appellant put his finger in the complainant's vagina, and the complainant took a photograph with her cellular telephone and sent the photograph to him. When appellant asked to see her breasts, the complainant complied, and he touched them. Appellant then showed the complainant his penis and asked her if she wanted to have sex with him. After the complainant said "no," appellant drove the complainant back to the park and told her that he loved her before driving away.

Subsequently when the complainant became upset, her sister heard her crying and told their parents that something was wrong. The parents then alerted law enforcement. Appellant later admitted to Pearland Police Department Detective Cecil Arnold that he had placed his finger in the complainant's vagina and touched her breasts with his hand. Appellant also admitted to sending nude photographs of himself to the complainant and receiving photographs of her nude. Appellant further admitted to Detective Arnold that he knew the complainant was 15 years old.

**Voir Dire**

In his sole point of error, appellant argues that the trial court erred in denying him the right to question the venire panel "on punishment in violation of his constitutional right to an impartial jury" because he was unable to determine if any venire members would only consider the maximum sentence of 20 years.

Questions during voir dire are proper if they seek to discover a juror's views on an issue applicable to the case. *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002). Voir dire examination permits the parties to assess the desirability of prospective jurors and to select a "competent, fair, impartial, and unprejudiced jury[.]" *Staley v. State*, 887 S.W.2d 885, 896 (Tex. Crim. App. 1994) (citation omitted). Because a trial court has broad discretion over the process of selecting a jury, an appellate court should not disturb a trial court's ruling on the propriety of a particular question during voir dire absent an abuse of discretion. *Barajas*, 93 S.W.3d at 38. A trial court abuses its discretion when it prohibits a proper question about a proper area of inquiry. *Id.*

During voir dire, the following exchange took place:

| [APPELLANT'S ATTORNEY]: | There are some things that I think we need to really discuss, some of which we've already gone over, Mr. Dornburg went over, Judge Holder has gone over. Mr. Dornburg talked to you about the range of punishment in this case. In |

5

each count, what we call a count when it's a sexual assault, carries a penalty range of between 2 and 20 years and a fine. The indecency also carries the same range of punishment, between 2 and 20 years and a fine. Now, I believe that – I believe that somebody said that, and maybe it was you, sir, that you said you couldn't – that 2 years, no matter what the situation, was just not going to happen.

[VENIRE PERSON NO. 34]: Not if it's in the affirmative, no.

. . .

[APPELLANT'S ATTORNEY]: Let me ask it this way: Any of you feel like that if Mr. Lerma is found guilty, that he deserves 20 years? Flat out, 20 years, no ifs ands or buts?

[STATE'S ATTORNEY]: Your Honor, I'm going to object to that on the grounds it's a commitment question.

[THE COURT]: Sustained.

[APPELLANT'S ATTORNEY]: Do you feel like – do each of you feel like if you're chosen to sit on this jury and consider punishment, that you could consider the full range of punishment, anywhere between 2 and 20 years?
Let me ask it a little differently than we asked – and Mr.

6

> Edington responded, that he couldn't give anything but – he could not give two years no matter what. Are there any of you that feel that you – that you could not consider two years based on the facts – and I know we're kind of dividing hairs. I don't mean to – but depending on the evidence that was before you.
>
> No. 23, Mr. – I apologize. My notes are all out of order here. I'm sorry. I know that you stated, Mr. Smith, that you're a former police officer.

[VENIRE PERSON NO. 12]:     Yes sir.

Appellant's attorney then went on to ask venire person number 12 about his status as a police officer and the potential bias of any members of the venire who were members of law enforcement.

An attorney may not "attempt to bind or commit a venire member to a verdict based on a hypothetical set of facts." *Lydia v. State*, 109 S.W.3d 495, 497 (Tex. Crim. App. 2003). "Commitment questions are those that commit a prospective juror to resolve, or to refrain from resolving, an issue a certain way after learning a particular fact." *Standefer v. State*, 59 S.W.3d 177, 179 (Tex. Crim. App. 2001). While these types of questions generally "elicit a 'yes' or 'no' answer, an open-ended question can be a commitment question if the question asks the prospective juror to set the hypothetical parameters for his decision-making."

7

*Id.* at 180. Commitment questions that attempt to bind prospective jurors to a position, using a hypothetical or otherwise, are improper and "serve no purpose other than to commit the jury to a specific set of facts before the presentation of any evidence at trial." *Lydia*, 109 S.W.3d at 497.

Appellant argues that his question to the venire did not set forth particular facts asking the venire to resolve or refrain from resolving an issue under those facts. We conclude that appellant's question, as stated, was not a commitment question because it contained no hypothetical facts or evidence other than stating appellant's name and asking, were he found guilty, whether anyone on the jury venire would only be able to assess the maximum punishment of 20 years. *See Standefer*, 59 S.W.3d at 179. The question did not ask the venire to resolve or refrain from resolving an issue, i.e., the maximum punishment, based on a fact in the case. *See id.* And both the State and appellant were entitled to jurors who could consider the entire range of punishment. *Cardenas v. State*, 325 S.W.3d 179, 184 (Tex. Crim. App. 2010).

Assuming without deciding that appellant has preserved error, we hold that any error from the trial court's refusal to allow appellant's punishment question was harmless. *See* TEX. R. APP. P. 44.2. Appellant asserts that he was unable to "fully explore[] the bias of the venire, potentially allow[ing] a bias[ed] juror to influence the sentence." However, he does not further address the issue other than

8

noting that he received a sentence of confinement for 15 years, 75 percent of the maximum punishment allowed. Moreover, we note that appellant was able to obtain the same information as to whether members of the venire would only consider the maximum punishment by asking whether members of the venire could consider the entire range of punishment. None of the members of the venire responded that they could not consider the entire range of punishment. And appellant did not receive the maximum punishment.

We overrule appellant's sole issue.

## Conclusion

We affirm the judgments of the trial court.

Terry Jennings
Justice

Panel consists of Justices Jennings, Higley and Massengale.

Do not publish. TEX. R. APP. P. 47.2(b).