

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-1846-09

**ANTONIO ZAVALA CARDENAS, Appellant**

**v.**

**THE STATE OF TEXAS**

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE SECOND COURT OF APPEALS
### TARRANT COUNTY

**COCHRAN, J., delivered the opinion of the unanimous Court**.

### OPINION

At appellant's trial for aggravated sexual assault of a child, the defense attorney posed

the following question during voir dire and asked each venire member to respond:

> I want you to assume that you have found somebody guilty of sexual assault,
> aggravated sexual assault of a child. They intentionally or knowingly caused
> the penetration of the sexual organ of the complaining witness, of the victim,
> by the means of the sexual organ or any other [sic] or with a finger or with
> touching genital to genital. . . Could you honestly ever fairly consider on an
> aggravated sexual assault of a child as little as five years in prison and give
> probation as an appropriate punishment[?]"

More than fifty members of the panel stated that they could not consider the minimum punishment. After the voir dire was completed, appellant challenged each of these jurors for cause, but the trial judge denied most of those challenges. The jury subsequently found appellant guilty and sentenced him to twenty years in prison.

The court of appeals held that defense counsel's single voir-dire question–in combination with prior discussions of the pertinent law by the judge and the prosecutor– preserved error concerning the denial of appellant's challenges for cause.[1] It also held that counsel's question was a proper one because the law requires jurors to be able to consider the full range of punishment.[2] It reversed the case because the trial judge abused his discretion by denying appellant's challenges for cause to jurors who unequivocally stated that they could not consider the full range of punishment.[3] We granted the State's petition for discretionary review to address these holdings.[4] We agree with the court of appeals.

## I.

Appellant was indicted for three counts of aggravated sexual assault of a child and a

---

[1] *Cardenas v. State*, 305 S.W.3d 773, 780 (Tex. App.–Fort Worth 2009).

[2] *Id.* at 781-82.

[3] *Id.* at 782.

[4] The State's grounds for review are as follows:
1.    Did the Court of Appeals err in determining that Appellant's blanket question to the entire venire panel–with no follow up–was sufficient to preserve error?
2.    Was Appellant's question–which inquired whether, in an intentional and knowing sexual assault of a child, by means of digital or genital penetration of the victim, the jury could ever give probation as an appropriate punishment-an improper commitment question?

single count of indecency with a child. The charges stemmed from an incident in which Cardenas's aunt discovered her four-year-old daughter and appellant together in bed. Suspecting that something lascivious was afoot, she drew back the bedcovers to find her daughter and appellant in a state of undress; the child's pants and underwear were pulled down, and appellant was hastily refastening his trousers. According to the child's testimony, appellant removed her underwear, fully exposed his penis, and rubbed his penis against her genitals. Appellant gave police a written statement admitting to "put[ting] my hand down the front of her pants" and "rubbing circles on the top of her vagina."

After the venire panel was sworn in and before the attorneys began their voir-dire examination, the trial judge explained the general law, including the pertinent law concerning the range of punishment.[5] During the State's voir dire, the prosecutor asked the panel for a show of hands of those venire members who could not consider the full range of punishment for indecency with a child.[6] Several jurors who raised their hands to indicate that

---

[5] The judge explained that appellant
is charged with the offense of aggravated sexual assault of a child. The range of punishment for that offense is not less than five nor more than 99 years or life in the Institutional Division of the Texas Department of Criminal Justice. In addition to that, a fine of up to $10,000 may be assessed. The range of punishment for the offense of indecency with a child is not less than two nor more than 20 years in the Institutional Division of the Texas Department of Criminal Justice. And in addition to that a fine of up to $10,000 may be assessed in that case also.
    Probation is an option if the sentence is ten years or less. The defendant may be granted probation if, one, he has never before been convicted of a felony offense and the jury determines that the defendant deserves probation.

[6] The prosecutor explained that indecency with a child is a second-degree felony. This is for touching. It can even be touching the private areas, the breasts, anus,

they could not consider the full range of punishment were then examined in more detail.  The defense later challenged two of those veniremembers[7] because they were unable to consider the full range of punishment, and the State agreed with those challenges.  The prosecutor then explained the law concerning the punishment for aggravated sexual assault of a child and repeatedly told the jurors that they must "consider the full range of punishment. . . . You don't have to give it.  You have to consider it. . . . I am just telling you what the law says.  It says for you to be on a jury, to sit here and make a decision. . . , you have to be able to consider the full range."

During his voir dire, defense counsel again explained the range of punishment for the crimes charged and the requirement that all jurors must be able to consider that full range.  His final question asked whether the panel members could "honestly ever fairly consider on an aggravated sexual assault of a child as little as five years in prison and give probation as an appropriate punishment[?]"  Defense counsel asked each individual venire member to answer either "Yes" or "No" to the question.  Fifty-two of them responded that they could not consider the minimum sentence.  Counsel did not seek any elaboration on their reasoning

---

the female sexual organ with your hand.  And it can even be over the clothes.
And we talked about that.  It's between a minimum of two years all the way up to
20 years in prison and also up to a $10,000 fine. . . .
        So between–for indecency with a child, can everyone on my right, your
left, keep an open mind and consider the minimum of two all the way up to 20
years in prison?  Can everyone do that?
[Response by a show of hands]
        Okay.  And I am going to flip it around.  Is there anyone who cannot do that?

[7] Panel members numbers seven and twenty-six.

and made no attempt to rehabilitate them with further examination.[8]

The defense counsel made forty-six challenges for cause based on the jurors' inability to consider the full range of punishment. Of those forty-six challenges, eleven were granted with the State's consent or lack of objection, six were granted over the State's objection, and thirty challenges were denied.[9]

Both sides then made their peremptory strikes. After using all of his peremptory strikes, defense counsel asked for additional peremptories and explained that nine of his strikes had been used on jurors who should have been removed for cause. He stated that he would have stricken three of the empaneled jurors had additional peremptory challenges been granted. The trial judge denied his request for more strikes, however, and the jury was sworn

---

[8] The prosecutor and the defense used very similar language and techniques in questioning the panel regarding the range of punishment, but the prosecutor asked the panel members to voluntarily raise their hands if they could not follow the law concerning the range of punishment, while the defense counsel asked every panel member to respond "Yes" or "No."

[9] After the defense made its first challenge for cause, the prosecutor stated,

Judge, we would object to that. Counsel asked the wrong question, is the bottom line. And frankly, to make it easier, I assume he will challenge for cause numerous other jurors. There's some that we would agree to, but for the most part, he asked the wrong question, and that's the bottom line. His question very specifically was, "Can you honestly ever fairly consider as little as five years in prison and give probation as an appropriate punishment," and that's not what the law provides. And frankly, I think this court has been present in other jury selections where Defense counsel asked the wrong question. And the real question that is supported by case law is if the facts justify it and the law allows it, can you consider it. And counsel very specifically asked him to entertain a hypothetical and to imagine factual circumstances where they could give that, and that's inappropriate. It's the wrong question. And we would agree to the challenges for cause which I anticipate are coming on the Defense part for No. 7, 8, 9, 16, 17, 26, 34, 52 and 68. Everyone else challenged under that question, we would object to.

in over defense counsel's objection.  Ultimately, the jury convicted appellant of two counts

of aggravated sexual assault of a child[10] and a single count of indecency with a child and

assessed a sentence of twenty years in prison on each count.

On appeal, appellant asserted that "the trial court erred by denying his challenges for

cause to thirty members of the jury panel because they indicated that they could not consider

the full range of punishment for his charges."[11]  In holding that error was properly

preserved, the court of appeals noted that the venire panel was sufficiently informed of a

juror's obligation to consider the full spectrum of punishment prior to the defense voir

dire.[12]  Further, the court held that appellant had met the preservation requirements for a

denied challenge for cause.[13]  While the court agreed that the defense posed a commitment

question to the venire panel, it held that the question "was not improper" under the *Standefer*

---

[10]Appellant's motion for a directed verdict of not guilty was granted on one of the aggravated sexual assault counts.

[11] *Cardenas*, 305 S.W.3d at 776.

[12] *Id.* at 780 ("[W]e hold that under the limited circumstances of this case, such a follow-up question was not required. The jury had previously been repeatedly informed by the trial court and the State that a jury must act without prejudice and that the law commands that they consider the minimum punishment regardless of their personal views, and in that context, the panel members' answers to the question at issue demonstrated that they could not do so.").

[13] *Id*. ("To preserve error on his challenges for cause, [appellant] had to (1) assert a clear and specific challenge for cause, (2) use a peremptory challenge on the complained-of veniremember, (3) exhaust all of his peremptory challenges, (4) request and be denied additional peremptory challenges, and (5) be forced to accept an objectionable juror on the jury. [Appellant] did all of these things; the State has not argued otherwise.") (internal citations omitted).

test[14] because the question closely tracked the indictment and described the offense's "core elements."[15] The court of appeals, therefore, reversed appellant's convictions and remanded the cases for a new trial.[16]

**II.**

Both the State and defense are entitled to jurors who can consider the entire range of punishment for the particular statutory offense–*i.e.*, from the maximum to the minimum and all points in between.[17] Jurors must be able to consider both "a situation in which the minimum penalty would be appropriate and . . . a situation in which the maximum penalty would be appropriate."[18] Therefore, both sides may question the panel on the range of punishment[19] and may commit jurors to consider the entire range of punishment for the statutory offense.[20] A question committing a juror to consider the minimum punishment is

---

[14] *Standefer v. State*, 59 S.W.3d 177, 182 (Tex. Crim. App. 2001) ("[F]or a commitment question to be proper, one of the possible answers to that question must give rise to a valid challenge for cause.").

[15] *Cardenas*, 305 S.W.3d at 782.

[16] *Id.* at 781-82.

[17] *Johnson v. State*, 982 S.W.2d 403, 405-06 (Tex. Crim. App. 1998).

[18] *Fuller v. State*, 829 S.W.2d 191, 200 (Tex. Crim. App. 1992).

[19] *See Martin v. State*, 200 S.W.3d 635, 640 (Tex. Crim. App. 2006) (both the defense and the State are permitted to voir dire potential jurors concerning the range of punishment for felony and misdemeanor driving-while-intoxicated charges); *Mathis v. State*, 576 S.W.2d 835, 839 (Tex. Crim. App. 1979).

[20] *Davis v. State*, 313 S.W.3d 317, 346 (Tex. Crim. App. 2010) ("When the law requires a certain type of commitment from jurors, such as considering the full range of punishment, an attorney may ask prospective jurors to commit to following the law in that regard.").

both proper and permissible.[21]   However, counsel veers into impermissible commitment

questions when he attempts to commit a veniremember to consider the minimum sentence

based on specific evidentiary facts.[22] For example, a party may ask the potential juror if he

could consider the minimum of five years' imprisonment in a murder case, but he may not

ask if the juror could consider five years in prison in a case in which the State alleged that

the defendant "tortured, garroted, poisoned, and pickled" the  victim.  The nonstatutory

manner in which the defendant was alleged to have committed the offense adds evidentiary

facts peculiar to the case on trial.  That question, because it goes beyond the statutory

elements and statutory manner or means, is improper under *Standefer*.[23]

Once a juror expressly admits his bias against a phase of law upon which both the

State and defense are entitled to rely, a sufficient foundation has been laid to support a

challenge for cause.[24]  A juror who states that he cannot consider the minimum punishment

---

[21] *See Standefer*, 59 S.W.3d at 181 ("[Q]uestions concerning a juror's ability to consider the full range of punishment for a particular offense meet . . . the definition of commitment questions but are nevertheless proper.").

[22] *See, e.g.*, *Barajas v. State*, 93 S.W.3d 36, 38, 40 (Tex. Crim. App. 2002) (improper to ask whether jurors could be impartial in a case involving a victim who was eight to ten years old); *Moore v. State*, 999 S.W.2d 385, 406-07 (Tex. Crim. App. 1999) (improper to ask juror, who stated that she could consider youth as a mitigating factor, whether she would consider a nineteen-or twenty-year-old a "youth" for purposes of imposing the death penalty); *Penry v. State*, 903 S.W.2d 715, 740 (Tex. Crim. App. 1995) (improper to ask whether victim-impact evidence would prevent a juror from assessing a life sentence).

[23] *See Barajas*, 93 S.W.3d at 38 n.1.

[24] *See Williams v. State*, 773 S.W.2d 525, 536 (Tex. Crim. App. 1988) (holding that a juror is biased as a matter of law if he unequivocally expresses an inability to consider five years probation as possible punishment for the lesser-included offense of murder in a capital-murder

for a particular statutory offense is subject to a challenge for cause.[25] The opposing party or trial judge may then examine the juror further to ensure that he fully understands and appreciates the position that he is taking, but unless there is further clarification or vacillation by the juror,[26] the trial judge must grant a challenge for cause if the juror states that he cannot consider the full range of punishment.

### III.

### A.    Preservation

In its first ground for review, the State contends that the court of appeals erred in holding that appellant properly preserved the trial court's denial of his challenges for cause. The State asserts that appellant failed to ask follow-up questions to confirm that the panel was fully aware of the law's requirements.  Therefore, according to the State, he forfeited the issue.  We disagree.  When the venire members have repeatedly been told of their obligation under the law to consider the full range of punishment for the statutory offense and there is no indication of their confusion, the complaining party need not ask any follow-

---

trial); *see also Jordan v. State*, 635 S.W.2d 522, 523 (Tex. Crim. App. 1982) (reversible error to deny a defendant's challenge for cause against a juror who could not consider probation for the lesser-included offense of murder in a capital murder case).

[25] *Cumbo v. State*, 760 S.W.2d 251, 255-56 (Tex. Crim. App. 1988); *Pierce v. State*, 696 S.W.2d 899, 902 (Tex. Crim. App. 1985) (defendant has the right to challenge for cause any juror who could not give the minimum punishment, including probation).

[26] *See Moore v. State*, 999 S.W.2d 385, 400 (Tex. Crim. App. 1999) ("When the record reflects that a venireman vacillates or equivocates on his ability to follow the law, the reviewing court must defer to the trial court.").

up questions regarding their full and complete understanding of the law to preserve error.

The jury pool assembled for appellant's trial had been twice apprised of the applicable range of punishment, once by the trial judge and again by the State, before defense counsel's voir dire. There was no ambiguity or confusion in how the law was explained by either the trial judge or prosecutor. Indeed, the State was the first party to broach the topic of probation, providing the jury with a detailed explanation of its intricacies.[27] The State was also the first party to ask if the panel members could consider

---

[27] The prosecutor explained,

Let me show you what the requirements of probation are. Probation, first of all, it's a court ordered supervision of a person who has been found guilty. The sentence is suspended. In a case you would have to say, okay, we heard the facts and he is deserving of ten years or less. And not only that, we believe for whatever reason–I don't know what the situation would be, but you would believe in this situation that he was deserving of not going to prison and having that sentence suspended. While he is on probation if he violates the conditions, the judge may revoke the probation and order the defendant to carry out the remainder of his sentence in prison or in custody. The requirements: You cannot have ever been convicted of a felony before. And then prior to the trial even starting, the defendant has to file an application or a petition. And this is what else you would have to have: The jury would have to unanimously agree that the sentence should be ten years or less. Okay? You would have to agree on that. In addition to agreeing on that, the defendant must deserve, he must deserve probation. And eligibility, just because he is eligible for it, he doesn't have a prior felony, doesn't mean he is entitled to it. Okay?

So what I'm talking about here is that included in the range of punishment of five to 99 years or life for aggravated sexual assault and two to 20 years for indecency with a child is also, if these things are proven, the possibility of probation. Okay? So the question I have for you, since you haven't heard any evidence, can you consider the full range of punishment? Can you consider the full range of punishment? And remember, in order for the lower end, including probation, these things would have to be there. And most importantly, the defendant would have to deserve probation. And guess who gets to decide that? You do. You do. So, not having heard anything more at this point, I know it's a long process here, on my left, your right, this section, can you guys consider the full range of punishment for both cases since you haven't heard any evidence yet,

the entire range of punishment. But the State simply asked for jurors to raise their hands if they could not consider the full range of punishment. Few volunteered. When defense counsel posed his question to each juror individually, two of them asked for further explanation, which counsel then gave.[28] All of the others simply answered "Yes" or "No." It is a fair inference that those jurors who did not ask questions or seek further clarification understood what probation is, that probation was an option in this case,[29] and that five years in prison or on probation was the minimum punishment available. Therefore, anyone who responded in the negative to counsel's question as to whether that juror could consider "as little as five years in prison and give probation as an appropriate punishment" expressed a bias against a phase of law on which the defense was entitled to rely. Absent any further questioning by the trial judge or the prosecutor to clarify each juror's stated position, the judge was required to grant appellant's challenges for cause.

In this case, there was no need for defense counsel to ask the panel members a further

---

all right, and afford him his rights?

[28] One juror asked, "Is this probation on top of the five years or is it probation of five years?" Defense counsel responded, "The length of probation is determined by the judge. His sentence is five years and you recommend probation." That juror then asked, "So would the probation be up to five years? Or would it be on top of the five years?" The trial judge intervened and said, "I think [the prosecutor] indicated earlier that the sentence would be served on probation, then he would serve the five years in the penitentiary." Another juror then said that he did not hear the judge's statement, and counsel explained, "It would be a sentence in prison, but probation for a certain length of time that's determined by the judge. And if they violate that, then they would serve that time in prison."

[29] Before trial, appellant filed a motion for probation and swore that he had never been convicted of a felony.

question, as the State urges.  The State cites to *Gardner v. State*[30] for the proposition that appellant must show that each veniremember  "understood the requirements of the law and could not overcome his prejudice well enough to follow the law"[31] and argues that, without follow-up questions, this burden has not been met.  But in *Gardner* the issue was one of the uncertainty with which the particular veniremembers expressed their ability to comply with the law.  One venireperson was described as "chang[ing] her mind with each question,"[32] while another was identified as a "classic vacillating juror."[33]  No such vacillation plagued the jury panel in this case.  A juror who–after the range of punishment has been explained to him as it was in this case by the trial judge, the prosecutor, and the defense counsel– unequivocally says "No" when asked if he can consider the minimum sentence has stated in the most concrete terms that he cannot follow that law.  At that point, counsel need ask nothing more.[34]  The judge or the opposing party could explain the law further in the hope of having the juror reconsider his position, but, absent such rehabilitation, that juror is subject to a challenge for cause.[35]

---

[30] 306 S.W.3d 274 (Tex. Crim. App. 2009).

[31] *Id.* at 295.

[32] *Id*. at 297.

[33] *Id*. at 298.

[34] *See Williams*, 773 S.W.2d at 536.

[35] *Pierce v. State*, 696 S.W.2d 899, 902-03 (Tex. Crim. App. 1985) (rejecting State's argument that defense counsel's voir dire question concerning the minimum punishment was too broad to preserve error, and stating "had the State been concerned about this deficiency in

We hold that appellant properly preserved for review his denied challenges for cause.

## B.     Counsel's Question was not an Improper Commitment Question

In its second ground for review, the State argues that appellant's question "was replete with facts that would have bound jurors to a certain answer after learning several 'hypothetical' facts that were taken straight from the facts of the actual case."[36] At trial, the prosecutor argued that certain "magic" language was necessary to support a challenge for cause. In his view, defense counsel was required to add the phrase, "if the facts justify it

---

questioning, they had ample opportunity to address this specific question to both [venire members]. As it was, the State made no attempt to question either juror about probation.").

[36] The State also asserts that appellant's hypothetical asked the jurors whether they would "be able to grant–not consider, but grant–probation under these specific facts." State's Brief at 8. Although it might be possible to interpret defense counsel's question as asking if jurors could *give* probation rather than *consider* giving probation, no juror seemed to misunderstand that counsel was asking them if they could follow the law regarding the minimum punishment. The State urges that, under a proper interpretation of the question, the word "give" transforms the entire sentence into an improper commitment question. According to the State's view, defense counsel was asking the panel members if they could merely *consider* five years of imprisonment while at the same time firmly resolving to *give* probation. This reading is overly strained.

First, a more appropriate meaning to assign the question, and the one we believe that defense counsel conveyed to the jury, is whether the panel members could consider giving probation in an aggravated-sexual-assault-of-a-child case. This interpretation simply reflects the prosecutor's previous voir dire explanation concerning the availability and requirements of probation. *See* note 27 *supra*.

Second, had the tone and tenor of counsel's question conveyed the notion that the jurors must commit to actually granting probation, the experienced trial prosecutor surely would have objected to that improper question. He did not do so, either at the time counsel posed the question to the panel and asked for individual responses, or at the time he objected to defense counsel's challenges for cause. Clearly, he did not think it was an improper question; he simply believed that it was not a sufficient question to establish bias against the minimum punishment.

Third, the State did not make this argument in the court of appeals, therefore that court had no opportunity to address it. Having failed to raise this argument either at trial or on direct appeal, the State comes too late now.

and the law allows it" to create the proper foundation for challenges.[37]   No such magic language is required.

First, appellant's counsel asked the jurors if they could "ever fairly consider" five years in prison or give probation as an appropriate punishment in an aggravated sexual assault of a child case.   The plain meaning of defense counsel's question is "could you ever consider–under any facts at all–the minimum punishment?"   The word "ever" would certainly encompass "if the facts justify it,"[38] thus the first half of the State's proposed language is implicit in the question asked.

Second, there is no doubt that the "law allow[ed]" five years in prison or on probation as a punishment for aggravated sexual assault at the time this case was tried in 2005.[39] Forcing defense counsel to tack on "if the law allows it" would turn a correct statement of the offense's minimum punishment into something far more enigmatic, especially since the trial judge, prosecutor, and defense counsel had already told the jurors what the minimum punishment was.   Appellant's counsel elicited a clear and concise response from each panel

---

[37] See note 9 *supra.*

[38]  The generally accepted definitions of "ever" include, "At any time"; "On any supposition, by any chance, at all"; "In any degree."  THE COMPACT EDITION OF THE OXFORD ENGLISH DICTIONARY, 907-08 (Oxford University Press 1971).

[39] TEX. PENAL CODE §§ 12.32(a) (minimum punishment for a first-degree felony is five years), 22.021(e) (aggravated sexual assault is a felony of the first degree); TEX. CODE CRIM. PROC. art. 42.12, § 4(a) (allowing jury-assessed probation).  For offenses committed on or after September 1, 2007, a jury may not recommend probation in an aggravated-sexual-assault case if the victim is younger than fourteen years old.  TEX. CODE CRIM. PROC. art. 42.12, § 4(d)(5).

member as to whether he could consider the minimum punishment as the law allows. The second half of the State's proposed language would not aid in explaining the law; it would almost certainly mystify the jurors, as they had already been told that the law did allow five years in prison or on probation as the minimum punishment.

The State's final argument is that the scenario painted by defense counsel contained too many hypothetical facts. But defense counsel's words in prefacing his question closely tracked the statutory language of the Penal Code.[40] His question contained no evidentiary facts; all of the facts contained in his question were statutory elements or statutory manners and means.[41] The State cites *Sells v. State*,[42] in which we held that the question, "Can you imagine a set of circumstances, set of facts where you would find a person guilty of capital murder, of killing a young girl where you would [not impose the death penalty?]" was an

---

[40] The pertinent sections of the Penal Code read: "A person commits an offense. . . if the person . . . intentionally or knowingly. . . causes the penetration of the anus or sexual organ of a child by any means; . . . [or] causes the sexual organ of a child to contact or penetrate the mouth, anus, or sexual organ of another person including the actor[.]" TEX. PENAL CODE § 22.021(a)(1)(B)(i) & (iii).
> Counsel's question tracks those statutory provisions:
> I want you to assume that you have found somebody guilty of sexual assault, aggravated sexual assault of a child. They intentionally or knowingly caused the penetration of the sexual organ of the complaining witness, of the victim, by the means of the sexual organ or any other [sic] or with a finger or with touching genital to genital.

[41] *See Barajas v. State*, 93 S.W.3d 36, 38 n.1 (Tex. Crim. App. 2002) ("Parties may not ask whether venire members can consider probation under the particular facts of the case beyond the offense as charged in the indictment.").

[42] 121 S.W.3d 748 (Tex. Crim. App. 2003).

improper commitment question.[43]  That question "sought to commit [the venireperson] to a particular answer after learning a particular fact," namely, that a young girl had been killed.  The capital murder statute in Texas has no statutory element of a "young girl" being killed.  The defendant in *Sells* had been charged with murder in the course of committing burglary, thus the age of the victim was irrelevant for purposes of *Standefer* commitment questions.  But had the defendant been charged with capital murder for the intentional killing of a child under six,[44] he could have properly committed the jurors to consider a sentence other than the death penalty for the murder of a child under six.

Likewise, in *Atkins v. State*,[45] we held that the question, "If the evidence, in a hypothetical case, showed that a person was arrested and they had a crack pipe in their pocket, and they had a residue amount in it, and it could be measured, and it could be seen, is there anyone who could not convict a person, based on that[?]" was an improper commitment question.[46]  A proper commitment question would have been "Can you follow a law that says a person can be found guilty of possessing a residue amount?"[47]  The latter language remains the proper phrasing under today's holding as it contains no evidentiary

---

[43] *Id*. at 757-58.

[44] Tex. Penal Code § 19.03(a)(8)

[45] 951 S.W.2d 787 (Tex. Crim. App. 1997).

[46] *Id.* at 789.

[47] *Id*. at 790; *see also* Tex. Health & Safety Code § 481.115(b) (possession of less than one gram of a Penalty Group I substance is a state-jail felony).

facts or non-statutory manners and means.

Defense counsel's commitment question contained no evidentiary facts such as "Can you consider the minimum sentence if the child was a relative of the defendant's?" Or "Can you consider the minimum sentence if the child was a four-year-old?" Or "Can you consider the minimum sentence if the child was of the same sex as the defendant?" Those are improper questions because they go beyond the statutory language of the criminal offense. Here, counsel did not include any facts in his hypothetical that went beyond the statutory elements and statutory manner and means of committing that offense.

## C.    Conclusion

We hold that the court of appeals was correct in concluding that the trial court abused its discretion by denying appellant's challenges for cause to jurors who unequivocally stated that they could not consider the minimum punishment. A commitment question may include any or all of the statutory elements and statutory manners and means contained in the indictment, but the inclusion of evidentiary facts or non-statutory manners and means remains improper under the *Standefer* test.

We affirm the judgment of the court of appeals.

Delivered: November 10, 2010
Publish