NO. 07-10-0400-CR
NO. 07-10-0401-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

NOVEMBER 28, 2011
_____

JERRY WAYNE WEAVER,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 372ND DISTRICT COURT OF TARRANT COUNTY;

NOS. 1157695D and 1164323D; HONORABLE JERRY WOODLOCK, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Jerry Wayne Weaver was convicted of three counts of indecency with a child. In challenging those convictions, he contends the trial court should have granted twenty-three challenges for cause because the prospective jurors could not consider the full range of punishment. We affirm the judgments.

*Background*

The State questioned the venire panel on the full range of punishment which was two to twenty years with the possibility of probation and a fine up to $10,000. The

prosecutor informed the jury that it "had to be able to consider the entire range of punishment" and talked about "keeping an open mind to two years and recommend[ing] probation." At that time, only eight jurors[1] indicated they could not consider probation. Challenges for cause were ultimately granted with respect to each.

When appellant questioned the panel, he posed a hypothetical to the venire based on a person being found guilty of indecency with a child by having touched the genitals of the child or causing the child to touch his genitals. Both of those situations were charges against appellant. He initially asked the panel whether it could "consider" probation. One juror stated he could not, and a challenge for cause was later granted with respect to him. However, in posing the question to the rest of the members of the panel individually, the question asked was "can you *give* probation, and now I am going to ask for a 'yes' or 'no.'" (Emphasis added.) Numerous jurors stated "no."[2] However, the trial court denied challenges for cause to twenty-three of those persons stating:

> Those I denied, . . . I did it because I thought your question was an attempt to contract with the juror for a particular decision in the case. I didn't think it was a valid question about could they consider the full range of punishment. It was a question could they give it in this particular case, if the defendant was convicted of what he's charged with.
>
> I don't believe it's fair to ask them to contract to give it for what he's charged with until they hear the facts about why they ought to assess whatever punishment they determine to assess.

*Authority*

A defendant is entitled to jurors who can "consider" the entire range of punishment. *Cardenas v. State,* 325 S.W.3d 179, 184 (Tex. Crim. App. 2010). Once a

---

[1]The State counts that nine jurors so stated.

[2]These jurors included the ones who had told the State they could not consider probation.

prospective juror admits his inability to consider the full range of punishment, including community supervision, a sufficient foundation has been laid to support a challenge for cause. *Woodall v. State,* No. 07-10-0136-CR, 2011 Tex. App. LEXIS 7009, at *10 (Tex. App.–Amarillo August 29, 2011, no pet. h.). And, in reviewing a decision to deny a challenge for cause, we look at the entire record to determine if there is sufficient evidence to support the ruling. *Feldman v. State,* 71 S.W.3d 738, 744 (Tex. Crim. App. 2002). Furthermore, we reverse the trial court's decision only for a clear abuse of discretion, *Gardner v. State,* 306 S.W.3d 274, 296 (Tex. Crim. App. 2009), *i.e.* when the decision falls outside the zone of reasonable disagreement.

Next, commitment questions commit a prospective juror to resolve or refrain from resolving an issue a certain way after learning a particular fact. *Standefer v. State,* 59 S.W.3d 177, 179 (Tex. Crim. App. 2001). Such questions often require a "yes" or "no" answer. *Davis v. State,* 313 S.W.3d 317, 346 (Tex. Crim. App. 2010). Not all commitment questions are improper, however. *Id.* For instance, asking a juror if he is able to "consider" the full range of punishment is a proper commitment question. *Id.* Yet, while jurors must be able to "consider" the full range of punishment, they cannot be required to commit to "giving" a certain punishment. *See Bell v. State,* No. 03-07-00473-CR, 2008 Tex. App. LEXIS 5220, at *4-8 (Tex. App.–Austin July 11, 2008, no pet.) (not designated for publication) (discussing the difference between "giving" punishment and "considering" punishment); *see also Cardenas v. State,* 325 S.W.3d at 187 n.36 (recognizing that there may be a difference between "giving" and "considering" a punishment).

3

As previously stated, appellant challenges those venire members who answered "no" after being asked if they could "give" probation. Being asked whether one can "consider" something and whether one can do or "give" something are two different things. The former involves inquiry into the willingness of a person to think about a possibility or the ability to maintain an open mind on the subject. The latter does more, however. It nudges one closer toward a particular outcome which could be highly dependent on the circumstances involved; in other words, it requires a greater commitment which one may or may not be able to make without knowing more. And, the circumstances of record here exemplified that.

The prosecutor explained that to serve, jurors had to "keep their mind open" to giving the full range of punishment. He told them that they did not have to commit to giving a particular punishment, only that they must be able to "consider" the entire range, from two years probated to twenty years. And when asked if they could do that, a small percentage of the panel indicated that they could not.[3] In turn, defense counsel began by asking the venire if they could "consider" the full range which also included giving probation. Upon receiving initial responses from several panel members, he then altered his question to simply ask if they could "give" probation and directed them to answer merely "yes" or "no." He did not want to hear explanations or entertain replies other than "yes" or "no," as evinced by his directive to one juror to so answer when the individual vacillated by saying "probably not." Moreover, at least one venire member who had expressly informed the prosecutor that she indeed could "keep an open mind" or otherwise consider the entire range of punishment, including probation, said "no" when asked if she could "give" probation. Similarly, many other panel members who

---

[3]Again, those who indicated that they could not were not selected to sit on the jury.

4

illustrated no inability to "consider" the full range of punishment when asked by the prosecutor, also replied "no" when queried simply about being able to "give" probation. This situation hardly illustrates certainty. As can be seen, answers would change depending upon which attorney asked the question and what words were being used or whether they were being asked if they could keep an open mind or if they could levy a specific punishment. After this rather apparent equivocation or vacillation, neither attorney sought to clarify the matter, nor did the trial court.

Nonetheless, reasonable minds could conclude from the record that when the questions were posed in conformance with the standard expressed in *Cardenas* (that is, whether the full range could be "considered"), the answers received from those veniremen who ultimately sat on the jury did not warrant their disqualification. They could "consider" punishment from a two-year probated sentence to twenty years incarceration. So, the trial court did not abuse its discretion in rejecting the challenges for cause.

Accordingly, the judgments are affirmed.

Brian Quinn
Chief Justice

Publish.

5