NO. 07-12-0129-CR
NO. 07-12-0130-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 12, 2012
_____

JERRY CURTIS,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE COUNTY COURT OF GARZA COUNTY;

NOS. 10851 & 10871; HONORABLE LEE NORMAN, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Jerry Curtis appeals two convictions, one for burglary of a vehicle and the other for attempted theft in an amount of $500 or more but less than $1500. Six issues are asserted before us. They concern whether 1) the trial court erred in denying his challenges for cause levied against venire members, 2) the offense of attempted theft was barred by double jeopardy, 3) the evidence was insufficient to prove the value of the property involved in the attempted theft, 4) the trial court erred by allowing evidence

of the replacement value of the battery, 5) the trial court erred in finding his statement to police to be admissible, and 6) the trial court erred in submitting an enhancement charge to the jury because he never entered a plea to the enhancement allegation. We sustain issues one and three.

*Sufficiency of the Evidence*

We first consider the contention that the evidence was insufficient to prove that the property involved in the attempted theft had a value of $500 to $1500. In accusing appellant of attempted theft, the State alleged in its information that the batteries appellant tried to steal from the school bus had a value of $500 to $1500. Effort was made to prove the allegation at trial via the testimony of the school district's transportation director. He was asked how much it would cost to replace the three batteries appellant allegedly tried to steal. His response consisted of his reference to an estimate obtained from a battery supply company. That estimate, which exceeded $500, reflected the cost of new batteries plus a "core charge" if old batteries were unavailable for exchange. No other evidence of value was proffered by anyone, and the State argues that what it did proffer was enough to prove its allegation. We disagree.

The value of the property involved in the theft dictates the classification of the offense. For instance, if the value of the property is less than $50, then the crime is a class C misdemeanor. TEX. PENAL CODE ANN. § 31.03(e)(1)(a) (West Supp. 2012). Stealing property having a "value of . . . $500 or more but less than $1,500" is a class A misdemeanor. *Id.* § 31.03(e)(3).

The concept of "value" can mean many things. For purposes of the theft statute, the legislature has defined it as "the fair market value of the property . . . at the time and

2

place of the offense." *Id.* § 31.08(a)(1) (West 2011). Yet, "if the fair market value of the property cannot be ascertained, [then value means] the cost of replacing the property within a reasonable time after the theft." *Id.* § 31.08(a)(2). So, while value can represent fair market value or replacement value, evidence of the latter is pertinent only when the former cannot be ascertained.

Next, our Court of Criminal Appeals recognized long ago that the term fair market value is not statutorily defined. *Simmons v. State*, 109 S.W.3d 469, 473 (Tex. Crim. App. 2003). So, it opted to construe the term to mean ". . . the dollar amount the property would sell for in cash, given a reasonable time for selling it" or, in other words, ". . . 'the price the property will bring when offered for sale by one who desires to sell, but is not obliged to sell, and is bought by one who desires to buy, but is under no necessity of buying.'" *Id.*, *quoting Keeton v. State*, 803 S.W.2d 304 (Tex. Crim. App. 1991).

Here, the State did not proffer, nor did we find, any evidence of what the three used batteries would sell for in cash given a reasonable time for selling them. Instead, we only have evidence of what it would cost to replace the item. But, the latter is of no evidentiary weight since nothing appears of record suggesting that the fair market value of the batteries was unascertainable. In other words, the State could not substitute replacement value for market value without first showing that the latter could not be determined. Because it did not do that, testimony regarding the batteries' replacement value constituted no evidence of value for purposes of proving that appellant committed the theft of which he was accused. And, because it did not, there is no evidence of

record proving that the value of the property was $500, $1500, or anything between those two amounts. So, the State failed to prove all the elements of the crime at issue.

*Challenges for Cause*

Next, appellant contends that the trial court erred in refusing to remove over twenty members of the jury venire for cause. This is because each of those members evinced an inability to consider the full range of punishment, peremptory challenges were used to strike several of those venire members, additional peremptory challenges were denied appellant, and a number of the venire members in question sat on the jury that convicted him. We agree.

As this court stated in *Weaver v. State*, 355 S.W.3d 911 (Tex. App.–Amarillo 2011, pet. ref'd), a "defendant is entitled to jurors who can 'consider' the entire range of punishment." *Id.* at 913, *quoting Cardenas v. State*, 325 S.W.3d 179 (Tex. Crim. App. 2010). "Once a prospective juror admits his inability to consider the full range of punishment . . . a sufficient foundation has been laid to support a challenge for cause." *Id.* At this point, either the opposing party or trial court may examine the individual to verify the nature or extent of the panel member's position, but unless these inquiries ameliorate the unequivocal nature of the prior response, the trial court must grant the challenge. *Cardenas v. State,* 325 S.W.3d at 185. Finally, the trial court's decision on the matter is reviewed under the standard of abused discretion. *Gardner v. State,* 306 S.W.3d 274, 295-96 (Tex. Crim. App. 2009).

Here, appellant was charged with burglary of a motor vehicle and attempted theft of property valued at $500 or more but no more than $1500. The former was

4

punishable as a class A misdemeanor, and the latter as a class B misdemeanor.[1]  Next, the punishment for committing a class A misdemeanor is 1)  a fine not to exceed $4,000 or 2) confinement in jail for a term not to exceed one year or 3) both.   TEX. PENAL CODE ANN. § 12.21 (West 2011).  The punishment for committing a class B misdemeanor can be a fine not to exceed $2,000, confinement in jail for a term not to exceed 180 days, or both.   *Id.*  § 12.22 (West 2011).   Neither range, however, requires a mandatory minimum.   So, it is conceivable that the least punishment that could be given for committing either offense was a dollar fine, while the greatest for the burglary was a $4,000 fine and a year in jail and for the attempted theft, a $2,000 fine and a 180-day jail term.[2]

While conducting its voir dire of the potential jurors, the State discussed the range of punishment facing appellant.  While doing so, it asked the entire venire if they could "conceive of a fact pattern where you might offer the minimum in that range and you could also conceive of the fact person [sic] where you'd give him the maximum . . ." and whether "everybody [could] consider the full range of punishment in this kind of case, in a theft type of case . . . ."  No member indicated that they could not.  In response to that questioning, appellant asked the entire panel whether they could "consider" punishment of one dollar.  To that, over twenty members stated "no," and neither the trial court nor the prosecutor undertook to clarify or otherwise question the

---

[1]The punishment applicable to one's attempt to commit a particular crime is one degree or classification lower than the punishment applicable to the actual commission of the crime.  TEX. PENAL CODE ANN. § 15.01(d) (West 2011).  Because theft of property having the value of $500 to $1500 inclusive is a class A misdemeanor, attempted theft of like property is a class B misdemeanor.

[2]The State informed appellant of its intent to enhance the burglary charge.  Until it proved the enhancement allegation, though, the punishment remained that described above.

individuals about their stance. Thereafter, appellant challenged each for cause, which challenges the trial court denied.[3] So too did the trial court deny appellant's request for additional peremptory challenges so that he could assure that none of the venire members in question were selected for the jury. Five of the six jurors ultimately seated were those who unequivocally stated that they could not consider the minimal punishment alluded to by appellant.

Given the foregoing circumstances, and the fact that the potential range of punishment included solely a fine of one dollar, the venire members who disclosed their inability to consider the entire range of punishment were subject to removal for cause. The trial court's decision to the contrary evinced an abuse of discretion and, therefore, error. Denying appellant additional peremptory challenges was also error. And, appellant suffered harm from those errors because the jury trying him consisted of venire members who should have been excluded. *Cardenas v. State,* 305 S.W.3d 773, 782 (Tex. App.–Fort Worth 2009), *aff'd,* 325 S.W.3d 179 (Tex. Crim. App. 2010) (holding harmful error like that at bar).

Disposing of the two issues above as we did, we need not address appellant's remaining points. Accordingly, we reverse that judgment convicting appellant of attempted theft and render judgment acquitting him of the charge. We also reverse the

---

[3]The trial court stated that it believed the question posed was whether $1 was "adequate punishment." However, the questions were, "[W]ould you consider a punishment of . . . $1?" or "Could you consider punishment of a dollar?" In his original question, appellant also used the phrase "under any circumstance." A party may ask a juror if he could consider the minimum punishment in a case dealing with a particular offense. *Cardenas v. State,* 325 S.W.3d 179, 184 (Tex. Crim. App. 2010) (stating that a party may ask a juror if he could consider the minimum punishment in a murder case); *accord Weaver v. State,* 355 S.W.3d 911, 913 (Tex. App.–Amarillo 2011, pet. ref'd) (holding the same).

judgment convicting him of burglarizing a vehicle and remand that matter to the trial court.

> Brian Quinn
> Chief Justice

Publish.