**Affirmed and Memorandum Opinion filed March 26, 2020.**



**In The**

# Fourteenth Court of Appeals

**NO. 14-18-00768-CR**
**NO. 14-18-00769-CR**

**JERRY DEVIN GRANADO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 185th District Court**
**Harris County, Texas**
**Trial Court Cause Nos. 1561969 & 1561970**

## MEMORANDUM OPINION

In this appeal from two convictions obtained in a consolidated proceeding, the sole question presented is whether the trial court reversibly erred when it denied a motion to strike a venireperson for cause.

When he was before the entire venire panel, the venireperson at issue expressed that he had "a slight bias" against a defendant who exercised his right not to testify. The defense moved to strike the venireperson for cause, and the

prosecution agreed that the venireperson should be stricken. Instead of granting the agreed motion, the trial court summoned the venireperson for a conference at the bench.

| | |
|---|---|
| The Court: | I just have a quick question because I really wasn't sure where you were in this. I know that we all talked about the defendant's right not to testify. |
| Venireperson: | Yes. |
| The Court: | And here's what I'm sort of trying to figure out where you stand. The law says if a defendant doesn't testify, you cannot use that against him as evidence. |
| Venireperson: | Correct. |
| The Court: | Okay. Can you follow that rule? |
| Venireperson: | I look at it in a logical sequence of statements but my internal bias, I would be more inclined to believe that he was guilty. |
| The Court: | Okay. So— |
| Venireperson: | Because you are asking us to believe or not to believe, right? |
| The Court: | No. |
| Venireperson: | Yes. You are asking us to believe or not to believe evidence. |
| The Court: | Well, what I'm asking is for you to base your verdict only on what you hear, not what you don't hear or what you might speculate. |
| Venireperson: | It's a question of my subconscious. |
| The Court: | That's all I want to know. I want to make sure that we were clear, that you would not be able to follow the rule. |
| Venireperson: | I don't want to say that. |
| The Court: | That's the way I have to ask it. |
| Venireperson: | I mean— |

| | |
|---|---|
| The Court: | Okay. Here's— |
| Venireperson: | We are not aware of our subconscious biases. |
| The Court: | Here's my problem. We have all kinds of laws. People follow the law or maybe they disagree with it, they follow the law for the good of the whole. |
| Venireperson: | I agree with the law. |
| The Court: | Okay. But what I'm saying is is the point of it is the law says if a defendant doesn't testify, you can't use it against him as evidence. So—just listen for a second. So the issue is you might not like it but the question is can you follow it. If you can't, that's fine. I just need to know. |
| Venireperson: | Actually, I do, I like that law. That's fine. However, there may be circumstances under which I would say, huh, that is something we should hear. |
| The Court: | That's not the issue for me. My issue is if you get into the situation—okay. Let's look at it this way. Let's say you listen to the State's case and you don't think they've proved it beyond a reasonable doubt, you just don't think the evidence is there. |
| Venireperson: | Oh, then— |
| The Court: | Does it matter— |
| Venireperson: | Then it doesn't matter. |
| The Court: | —if he testifies? |
| Venireperson: | It doesn't matter. |
| The Court: | Doesn't matter? If you listen to the State's case and you believe it beyond a reasonable doubt, does it matter if he testifies? |
| Venireperson: | His testimony may contradict and may— |
| The Court: | That's his—that's his choice. That's his choice. |
| Venireperson: | Actually if I'm convinced by the State and he refuses to testify, it will make my conviction stronger. |

3

| | |
|---|---|
| The Court: | Okay. That's fine. It could make your conviction stronger. The issue is—here's what you can't do. What you can't do is say they didn't prove it, they just didn't bring me the evidence. No, listen. They didn't prove it. He didn't testify so I'm going to use that to help them get over the hump. |
| Venireperson: | Can you repeat, please? |
| The Court: | Okay. You listen to the evidence and you think the State didn't convince me beyond a reasonable doubt. |
| Venireperson: | Okay. |
| The Court: | But he didn't testify so I'm going to use that to help the State get over the hump. |
| Venireperson: | No, no. |
| The Court: | That's what I'm concerned about. Okay. Got it. Thanks. |

The trial court denied the defense's motion to strike the venireperson for cause, as well as the defense's related request for an additional peremptory strike. Ultimately, both the prosecution and the defense exercised peremptory strikes against the venireperson, which meant that the venireperson did not sit on the jury. But the defense complained that it would have used a peremptory strike against another objectionable venireperson who was actually seated on the jury had the trial court ruled differently.

The record shows that appellant preserved his complaint with respect to the trial court's ruling. *See Green v. State*, 934 S.W.2d 92, 105 (Tex. Crim. App. 1996). We therefore consider whether that ruling was in error.

As the movant below, appellant had the burden of showing that the venireperson understood the law but that he could not overcome his prejudice well enough to follow it. *See Davis v. State*, 329 S.W.3d 798, 807 (Tex. Crim. App. 2010). By denying the motion, the trial court implicitly found that appellant did not satisfy

4

this burden. We look at the entire record when deciding whether the trial court abused its discretion in making that finding. *Id.* If the venireperson's answers were vacillating, unclear, or contradictory, then we must defer to the trial court's decision, because the trial court was in the best position to evaluate the venireperson's demeanor, intonation, and expression. *Id.*

The venireperson here indicated that he may have a "slight," "subconscious" bias against a non-testifying defendant, which is some evidence that would support a challenge for cause. But there was also opposing evidence that the venireperson was capable of setting aside this basis. For example, the venireperson said that he did not agree with the characterization that he would be unable to follow the law. Because of the oddly phrased double negative, the trial court could have construed the venireperson as believing that he could follow the law. Indeed, that construction is supported by the remainder of the venireperson's responses. The venireperson stated that he agreed with the law that the defendant has a right not to testify. The venireperson also said that if he were convinced that the prosecution did not satisfy its burden of proof, then he would not vote to convict the defendant due to the defendant's failure to testify.

The record as a whole reveals that the venireperson vacillated in his responses by initially expressing a bias against a non-testifying defendant and by later indicating that a defendant's failure to testify would not matter if the prosecution failed to show beyond a reasonable doubt that the defendant was guilty. Because of these vacillations, we must defer to the trial court's implied finding that the venireperson was capable of overcoming his bias and following the law. *See Moore v. State*, 999 S.W.2d 385, 400 (Tex. Crim. App. 1999) ("When the record reflects that a venireman vacillates or equivocates on his ability to follow the law, the reviewing court must defer to the trial court."); *Montoya v. State*, 810 S.W.2d 160,

172–73 (Tex. Crim. App. 1989) (holding that the trial court did not abuse its discretion by denying a challenge for cause where the venireperson indicated that she would wonder "in the back of [her] mind" why the defendant did not testify but the venireperson further stated that she would not use the defendant's failure to testify as evidence of guilt).

Appellant responds that the opposite conclusion is required by *Cumbo v. State*, 760 S.W.2d 251 (Tex. Crim. App. 1988), which held that "when . . . a prospective juror is shown to be biased as a matter of law, he *must* be excused when challenged, even if he states that he can set his bias aside and provide a fair trial." *Id.* at 256. The State counters that *Cumbo* may not be good law, even though that case has never explicitly been overruled. The State refers us to more recent authorities that postdate *Cumbo* and hold that when a venireperson expresses a bias, the trial court may still deny a challenge for cause if the venireperson answers that he can follow the law. *See, e.g.*, *Swearingen v. State*, 101 S.W.3d 89, 99 (Tex. Crim. App. 2003) (the venireperson revealed that he had "a slight bias against the defendant" because of certain pretrial publicity, but the venireperson further stated that his bias would not prevent him from being open-minded and rendering a verdict based on the evidence presented in court); *Brown v. State*, 913 S.W.2d 577, 580–81 (Tex. Crim. App. 1996) (the venireperson believed that a defendant should testify in his own defense, but the venireperson also stated that she would be able to follow the law if instructed to do so); *see also Cardenas v. State*, 325 S.W.3d 179, 187 (Tex. Crim. App. 2010) (recognizing that a trial court may rehabilitate a venireperson who initially expresses an incapability of following the law). We agree with the State that we are bound by these more recent authorities.

We overrule appellant's sole issue and affirm the trial court's judgment.


/s/     Tracy Christopher
        Justice


Panel consists of Justices Christopher, Bourliot, and Hassan.

Do Not Publish — Tex. R. App. P. 47.2(b).