**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00099-CR**
_____

**LAZARO MARTINEZ-GARCIA, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

_____

**On Appeal from the 359th District Court**
**Montgomery County, Texas**
**Trial Cause No. 23-05-06457-CR**
_____

**MEMORANDUM OPINION**

Appellant Lazaro Martinez-Garcia appeals his conviction for attempted theft of property with a value of less than $300,000 that involved an Automated Teller Machine (ATM). *See* Tex. Penal Code Ann. §§ 15.01(a), 31.03(e)(6)(B). In three issues, Martinez-Garcia complains there is insufficient evidence to support his conviction and that the trial court abused its discretion by denying his motion for a

1

directed verdict. For the reasons explained below, we affirm the trial court's judgment.

## BACKGROUND

A grand jury indicted Martinez-Garcia for specifically intending to commit theft of property with a value of less than $300,000 involving an ATM of Adam Schneider and/or Joshua Houston on behalf of Bank of America by cutting or sawing open or attempting to break into the ATM, which amounted to more than mere preparation that tended but failed to effect the commission of the offense. *See* Tex. Penal Code Ann. §§ 15.01(a), 31.03(e)(6)(B). The indictment included an enhancement paragraph alleging Martinez-Garcia had a prior felony conviction. *See id.* § 12.42(a).

The trial court conducted a jury trial, during which Deputy Sarah Michaelson of the Montgomery County Sheriff's Office testified she responded to a call regarding a priority one bank holdup alarm. The trial court admitted pictures and the video from Michaelson's body camera showing the damage to the ATM. Michaelson explained that other officers secured the area and arrested Martinez-Garcia, and she assisted in arresting a second suspect.

Deputy Mario Romero of the Montgomery County Sheriff's Office also responded to the bank where there was a theft in progress. Romero testified that after he observed someone had tampered with and attempted to break into the ATM,

2

which had pry marks on it, he searched the immediate area for suspects. The trial court admitted video from Romero's body camera showing him arriving, stating the ATM was "busted," and searching for and arresting the suspects in a wooded area. Romero explained that another officer used a drone to assist in the search. Romero testified that a 911 caller from an alarm company provided a description of the suspects based on video footage from the ATM, and they arrested Martinez-Garcia, who matched that description, in a wooded area. Romero testified that they also arrested a second suspect in the same area but did not find any of the tools used during the attempted theft.

Adam Schneider, a Financial Center Manager with Bank of America, testified that the bank has a remote security team that made the 911 call about the attempted theft. The trial court admitted the 911 call, during which the caller provided the description of two suspects who attempted to break into the ATM by using a hammer, Slim Jim, and saw. Schneider testified that before the attempted theft, the ATM was operating properly and had not been tampered with. Schneider reviewed the pictures the trial court admitted of the ATM, which he identified as the bank's ATM, and he explained it was not in its normal condition because its door was open, its security bar had been cut in half, and its inside vault door had been pried on and tampered with. Schneider explained he gave no one permission to break into the ATM, which is equipped with a camera that captured the attempted theft. The trial

3

court admitted the video footage and two still pictures taken from the ATM showing the attempted theft.

Deputy Carlos Herrera of the Montgomery County Sheriff's Office testified that when he responded to the call at the bank, there were already units at the scene, so he went to the wooded area to help search for the suspects. The trial court admitted the videos from Herrera's body and dash cameras, which shows him searching and assisting in the arrest of Martinez-Garcia and the other suspect. Herrera explained he used his FLEER, which is a camera that can detect heat and movement at night, to scan the woods and locate Martinez-Garcia, who was lying in the woods and matched the description of one of the suspects. While Herrera identified Martinez-Garcia as the man depicted in the two still photos taken from the ATM's camera, he later testified that you could not see the suspect's face in the still photos and did not know if it was Martinez-Garcia. Herrera did not find any tools on Martinez-Garcia.

After the State rested, Martinez-Garcia moved for a directed verdict, arguing the State failed to prove the value of the property inside the machine was less than $300,000 and that the machine was an ATM. The trial court denied Martinez-Garcia's motion regarding proof that the machine was an ATM and allowed the State to respond concerning the value of the property. The State argued that a theft from any ATM is a second-degree felony and that it did not have to prove there was less than $300,000 because if it were greater than that amount it would be a first-degree

4

felony. The State argued that it is an attempted theft from an ATM no matter how much money is in the ATM, and it need not prove any amount less than $300,000. The trial court overruled Martinez-Garcia's motion as to the amount and stated it would let the jury decide because the lowest amount of zero would still be a third-degree felony.

The defense recalled Michaelson, who testified that she knew what an ATM was, but she did not know the difference between an ATM, an interactive teller machine, a POS terminal, and cash handling equipment. Michaelson did not know if the machine at issue had any money in it.

The State called Schneider for rebuttal to ask if he knew if there was any money in the ATM, and Martinez-Garcia objected and argued the State could not present rebuttal evidence because Michaelson testified she did not know if there was any money in the ATM. The trial court allowed the State to proceed because Martinez-Garcia had opened the door. Schneider testified that the damaged piece of equipment was an ATM that generally holds about $120,000 to $160,000 in cash. Schneider did not know how much money was in the ATM when the offense occurred.

The jury found Martinez-Garcia guilty of attempted theft as charged in the indictment, found the enhancement by prior felony conviction true, and assessed his punishment at twelve years of confinement.

## ANALYSIS

In issue one, Martinez-Garcia complains no evidence established the value of the alleged ATM or its contents. In issue two, Martinez-Garcia complains no evidence established the machine at issue met the statutory definition of an "Automated Teller Machine." *See* Tex. Penal Code Ann. § 31.03(h)(4).

We review complaints of legal insufficiency under the standard in *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). *See Fernandez v. State*, 479 S.W.3d 835, 837 (Tex. Crim. App. 2016). Under *Jackson*, we review all the evidence in the light most favorable to the verdict to determine whether any rational factfinder could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *see Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). We defer to the jury's responsibility to resolve conflicts in testimony, weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007). If the record contains conflicting inferences, we must presume that the factfinder resolved such facts in favor of the verdict and defer to that resolution. *Brooks*, 323 S.W.3d at 899 n.13; *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007). The jury as factfinder is the sole judge of the weight of the evidence and credibility of the witnesses, and it may believe all, some, or none of the testimony presented by the parties. *See Metcalf v. State*, 597 S.W.3d 847, 865 (Tex. Crim. App. 2020) (*citing Febus v. State*,

6

542 S.W.3d 568, 572 (Tex. Crim. App. 2018); *Heiselbetz v. State*, 906 S.W.2d 500, 504 (Tex. Crim. App. 1995)). The appellate court does not reweigh the evidence or determine the credibility of the evidence, nor does it substitute its own judgment for that of the factfinder. *Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

We treat direct and circumstantial evidence equally and consider the "'combined and cumulative force of all the evidence when viewed in the light most favorable to the [jury's] verdict.'" *Clayton*, 235 S.W.3d at 778 (quoting *Hooper*, 214 S.W.3d at 16-17). Each fact need not point directly and independently to the guilt of the defendant, if the cumulative force of all the incriminating circumstances is sufficient to support the conviction. *Temple v. State*, 390 S.W.3d 341, 359 (Tex. Crim. App. 2013); *Hooper*, 214 S.W.3d at 13; *Johnson v. State*, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993). The jury is entitled to judge the credibility of the witnesses and can choose to believe all, some, or none of the witnesses' testimony. *Metcalf*, 597 S.W.3d at 855.

A person commits the offense of theft if he unlawfully appropriates property with intent to deprive the owner of that property. Tex. Penal Code Ann. § 31.03(a). A person commits the offense of criminal attempt if, with specific intent to commit an offense, he does an act amounting to more than mere preparation that tends but fails to effect the commission of the offense intended. Tex. Penal Code Ann. §

7

15.01(a); *McCay v. State*, 476 S.W.3d 640, 644 (Tex. App.—Dallas 2015, pet. ref'd). For the third-degree felony offense of attempt to commit theft, the State needed to prove beyond a reasonable doubt that Martinez-Garcia specifically intended to unlawfully appropriate property with a value of less than $300,000, that the property was an ATM or the contents or components of an ATM, and that he cut or sawed open or attempted to break into the ATM, which amounted to more than mere preparation that tended but failed to effect the offense of theft. *See* Tex. Penal Code Ann. §§ 15.01(a), (d), 31.03(a), (e)(6)(B).

The value of the intended stolen property is an element of the intended theft offense and must be proven to establish the proper punishment grade for the attempted theft offense. *See Lang v. State*, 664 S.W.3d 155, 174 (Tex. Crim. App. 2022); *Calton v. State*, 176 S.W.3d 231, 235 (Tex. Crim. App. 2005); *Curtis v. State*, 385 S.W.3d 636, 638 (Tex. App.—Amarillo 2012, no pet.). In this case, if the property value is less than $300,000 and involves an ATM, the theft offense is a second-degree felony, and the attempt to commit the theft offense is a third-degree felony. *See* Tex. Penal Code Ann. §§ 15.01(d), 31.03(e)(6)(B). The Penal Code defines an ATM as an "unstaffed electronic information processing device that, at the request of a user, performs a financial transaction through the direct transmission of electronic impulses to a financial institution or through the recording of electronic

8

impulses or other indicia of a transaction for delayed transmission to a financial institution." *Id.* § 31.03(h)(4).

The evidence shows Martinez-Garcia attempted to commit the offense of theft by trying to cut or saw open the ATM, but he was unsuccessful in doing so. *See* Tex. Penal Code Ann. § 15.01(a); *McCay*, 476 S.W.3d at 644. Romero testified that someone tampered with and attempted to break into the ATM. The 911 caller from the security team explained that the video from the ATM captured two suspects trying to break into the ATM by using a hammer, Slim Jim, and saw, and both Romero and Herrera testified that Martinez-Garcia matched the description. The pictures and the video from Michaelson's body camera shows the damaged ATM, and Schneider testified that the damaged equipment was an ATM, which he identified as the bank's ATM which generally holds about $120,000 to $160,000 in cash.

Based on this evidence, a rational factfinder could have found beyond a reasonable doubt that Martinez-Garcia committed the offense of attempted theft because he specifically intended to break into the ATM and his acts amounted to more than mere preparation that tended to but failed to effect the commission of the offense intended. *See* Tex. Penal Code Ann. § 15.01(a); *Jackson*, 443 U.S. at 319; *McCay*, 476 S.W.3d at 644. A rational factfinder could have also found the damaged equipment was an ATM and that the value of the ATM and its contents was less than

$300,000. *See* Tex. Penal Code Ann. § 31.03(e)(6)(B); *Jackson*, 443 U.S. at 319; *Lang*, 664 S.W.3d at 174. Thus, the evidence is sufficient to support Martinez-Garcia's attempted theft conviction. We overrule issues one and two.

In issue three, Martinez-Garcia argues the trial court erred by denying his motion for directed verdict because no evidence established the value of the alleged ATM or its contents or that the machine is an ATM. We review the denial of a directed verdict as a challenge to the sufficiency of the evidence. *See Smith v. State*, 499 S.W.3d 1, 6 (Tex. Crim. App. 2016). Because there is sufficient evidence, as we have found above, to support Martinez-Garcia's conviction, the trial court did not err by denying his motion for directed verdict. We overrule issue three.

Having overruled all Martinez-Garcia's issues, we affirm the trial court's judgment.

AFFIRMED.

JAY WRIGHT
Justice

Submitted on July 29, 2025
Opinion Delivered August 27, 2025
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.

10