

# NUMBER 13-13-00125-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MIRANDA NICOLE CISNEROS,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

---

### On appeal from the 214th District Court
### of Nueces County, Texas.

---

# MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Garza**
**Memorandum Opinion by Justice Garza**

A jury convicted appellant Miranda Cisneros of three counts of aggravated robbery, a first-degree felony, *see* TEX. PENAL CODE ANN. § 29.03 (West 2011), and one count of child endangerment, a state-jail felony, *see id.* § 22.041. As to the three aggravated robbery counts, the jury assessed punishment at eleven, ten, and five years' imprisonment, respectively, and it assessed punishment at two years' confinement in state jail for the child endangerment count. By a single issue, appellant complains that

she "was denied due process of law throughout the voir dire process." Specifically, in sub-issues, appellant contends that: (1) by intervening in the voir dire process, the trial court prevented defense counsel from properly questioning potential jury members regarding whether they could consider the full range of punishment; (2) the trial court erred in refusing to strike a particular juror for cause; (3) the trial court made improper comments during the voir dire process; and (4) the trial court erred in denying defense counsel's motion for mistrial. We affirm.

## I. VOIR DIRE QUESTION

By her first sub-issue, appellant complains that the trial court prevented her defense counsel from asking venire members whether they would consider the full range of punishment, including probation. Specifically, appellant complains that when defense counsel attempted to question the venire members regarding punishment, the trial court intervened with its own questions, which confused the panel.

We review a trial court's restrictions on particular voir dire questions for an abuse of discretion. *Rodriguez-Flores v. State*, 351 S.W.3d 612, 621 (Tex. App.—Austin 2011, pet. ref'd) (citing *Barajas v. State*, 93 S.W.3d 36, 38 (Tex. Crim. App. 2002)). A trial court abuses its discretion when it prohibits a proper question about a proper area of inquiry. *Id.*

The State argues that appellant failed to preserve any issue for review because she did not object to the trial court that she was prevented from questioning venire members as to whether they would consider the full range of punishment. We agree.

"To preserve a complaint for appellate review, the record must show that a specific and timely complaint was made to the trial judge and that the trial judge ruled on the complaint." *Lovill v. State*, 319 S.W.3d 687, 691 (Tex. Crim. App. 2009); *see*

2

TEX. R. APP. P. 33.1(a)(1). Here, appellant's counsel did not object that he was prevented from questioning the venire members regarding whether they would consider the full range of punishment, including probation. Moreover, the record shows that appellant's counsel *did* question the venire members repeatedly regarding whether they would consider the full range of punishment, including probation, and that the venire members answered those questions. Questions by defense counsel included the following:

> What I need to ask all of you and what we need to know, Ms. Cisneros and I is, how many of you would consider then probation as an appropriate punishment depending on the facts that you heard during this entire trial?
>
> So with this indictment, in order for us to go forward with this jury we need to know, if Ms. Cisneros was found guilty of even one count of aggravated robbery with a deadly weapon, could you consider a sentence of probation? How many people don't think you would consider probation?
>
> Now the question is, if you find somebody guilty of these four counts in this indictment, three aggravated robbery, one child endangerment[,] it doesn't matter, because you have to be able to say even if I found her guilty of all four of these counts I would still consider probation as a possible punishment, if you can't say that[,] then you should raise your card and honestly and say no I won't consider probation if I found her guilt[y] of these four counts.
>
> So if you are honest with us and you say, we'll listen to all the evidence if we find this person guilty of these four charges, we'll consider anything from probation to life then that is the correct answer to be eligible. Do y'all understand? Will you consider the full range, that's the only question that you have all been being asked, okay?

Appellant failed to preserve any issue for review. *See Lovill*, 319 S.W.3d at 691. We overrule appellant's first sub-issue.

## II. CHALLENGE FOR CAUSE

By her second sub-issue, appellant contends the trial court erred in refusing a challenge for cause to venire member thirteen. Appellant argues that venire member

3

thirteen said several times that she would not consider probation, but subsequently said that, based on the trial court's explanation, she could consider the full range of punishment, including probation. Appellant also complains that venire member thirteen should have been disqualified because she had seen news reports regarding the incident at issue.

Venire member thirteen did not serve on the jury. Appellant's brief states that "trial counsel had no choice but to use a preemptory [sic] strike against these individuals."[1]

We reverse a trial court's ruling on a challenge for cause only upon a clear abuse of discretion. *Cardenas v. State*, 305 S.W.3d 773, 776 (Tex. App.—Fort Worth 2009), *aff'd*, 325 S.W.3d 179 (Tex. Crim. App. 2010). In determining whether the trial court abused its discretion, we review the total voir dire record in context. *Id.* To preserve error on her challenge for cause, appellant was required to: (1) assert a clear and specific challenge for cause, (2) use a peremptory challenge on the complained-of venire member, (3) exhaust all of his peremptory challenges, (4) request and be denied additional peremptory challenges, and (5) be forced to accept an objectionable juror on the jury. *Id.* at 780.

Here, the record does not show that defense counsel exercised any peremptory challenges. He clearly did not request, and the trial court did not deny, any request for additional peremptory challenges. Finally, he did not identify an objectionable juror that he was forced to accept. *See id.* Accordingly, no issue has been preserved for review. *See id.* We overrule appellant's second sub-issue.

---

[1] We note that appellant specifically complains only of the trial court's denial of her challenge to venire member thirteen.

4

### III. TRIAL JUDGE'S COMMENTS

By her third sub-issue, appellant complains that the trial judge made several improper comments during voir dire. Specifically, appellant complains of the following comments by the trial judge: (1) "We have a tendency the higher the accusation[,] the more serious[,] we have a tendency to believe that it is true"; (2) the trial judge's admission that he himself had watched news coverage of the incident at issue and had already formed an opinion; and (3) various comments regarding how many jurors the trial court needed to keep in order to save the panel.

"Most appellate complaints must be preserved by a timely request for relief at the trial level." *Unkart v. State*, 400 S.W. 3d 94, 98 (Tex. Crim. App. 2013). "The 'traditional and preferred procedure' for seeking relief at trial for a complaint that must be preserved is '(1) to object when it is possible, (2) to request an instruction to disregard if the prejudicial event has occurred, and (3) to move for a mistrial if a party thinks an instruction to disregard was not sufficient.'" *Id.* at 98–99 (quoting *Young v. State*, 137 S.W.3d 65, 69 (Tex. Crim. App. 2004)). "A party may skip the first two steps and request a mistrial, but he will be entitled to one only if a timely objection would not have prevented, and an instruction to disregard would not have cured, the harm flowing from the error." *Id.* at 99.

Here, appellant did not object to any of the trial judge's comments about which he now complains. Accordingly, he failed to preserve any issue regarding the trial judge's comments. *See id.* We overrule appellant's third sub-issue.

### IV. MOTION FOR MISTRIAL

In a final sub-issue, appellant complains that the trial court erred in denying his motion for mistrial during voir dire. We review a trial court's denial of a motion for

mistrial for abuse of discretion. *Archie v. State*, 340 S.W.3d 734, 738–39 (Tex. Crim. App. 2011). During voir dire, the trial judge read count one of the indictment to the panel. Defense counsel stated, "Your Honor, I'm going to ask the Court for a mistrial at this point. I think this panel is already prejudice[d] and I don't believe that I can get a fair trial. I'm moving for a mistrial—." The trial judge said he did not agree. A few moments later, defense counsel repeated his request, and the trial court denied the request. Defense counsel's request for a mistrial was not preceded by an objection or a request for an instruction to disregard. The context suggests that counsel's motion for mistrial was based on the trial judge's reading count one of the indictment to the jury. However, counsel did not object to the trial judge's statement, nor did he request an instruction to disregard the comment. The trial court did not err in denying counsel's request for a mistrial. *See id.* We overrule this final sub-issue.

**V. Conclusion**

We affirm the trial court's judgment.

DORI CONTRERAS GARZA
Justice

Do not publish.
Tex. R. App. P. 47.2(b).

Delivered and filed the
5th day of December, 2013.