**Opinion filed October 25, 2018**



**In The**

# Eleventh Court of Appeals

_____

**No. 11-16-00320-CR**

_____

**EMMANUEL DIAZ, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 104th District Court**

**Taylor County, Texas**

**Trial Court Cause No. 20388B**

## MEMORANDUM OPINION

The jury convicted Appellant of murder and deadly conduct and assessed his punishment at confinement for life and a $10,000 fine for the murder conviction and at confinement for ten years and a $10,000 fine for the deadly conduct conviction. In a single issue on appeal, Appellant contends that he received ineffective assistance of counsel at trial for three reasons: (1) trial counsel failed to properly support a motion to suppress, (2) trial counsel failed to preserve error when a veniremember

was struck for cause, and (3) trial counsel failed to protect Appellant's confrontation right in the punishment stage of the trial. We affirm.

*Background Facts*

The record shows that Appellant was sixteen years old at the time of the offenses but was certified to stand trial as an adult. On October 31, 2014, after Appellant and his friends were asked to leave a Halloween party being held at Joe Reyes's house, Appellant drove past Reyes's house so that one of his passengers, codefendant Joseph Carrillo, could "shoot at the party." At least three shots were fired from Appellant's vehicle toward Reyes's house. Appellant then drove to a convenience store, where he and Carrillo asked Jesse Cortinez to buy them some beer. Cortinez refused, and an argument ensued. Cortinez walked away, toward a vacant lot. Appellant backed his vehicle up, then drove forward, turned in the direction of the vacant lot, and accelerated directly toward Cortinez. Appellant ran over Cortinez and then fled. Cortinez died at the scene as a result of a "crush injury" to his chest.

*Analysis*

In his sole issue, Appellant alleges that he received ineffective assistance of counsel. The standard of review for Appellant's complaint of ineffective assistance of counsel is whether counsel's conduct "so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

We review a claim of ineffective assistance of counsel under the *Strickland* standard, which is a two-part analysis that includes a performance prong and a prejudice prong. *Id.* at 687. For the performance prong, Appellant must show that trial counsel's performance was deficient. *Id.* For the prejudice prong, Appellant must show that there is a reasonable probability that the outcome would have differed but for trial counsel's errors. *See Wiggins v. Smith*, 539 U.S. 510, 534

(2003); *Strickland*, 466 U.S. at 694. A failure to make a showing under either prong of the *Strickland* test defeats a claim of ineffective assistance of counsel. *Perez v. State*, 310 S.W.3d 890, 893 (Tex. Crim. App. 2010). Appellate review of defense counsel's performance is highly deferential, and we presume that counsel's actions fell within the wide range of reasonable and professional assistance. *Strickland*, 466 U.S. at 689; *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Walker v. State*, 406 S.W.3d 590, 594 (Tex. App.—Eastland 2013, pet. ref'd).

To overcome this presumption, Appellant's claim of ineffective assistance must be firmly founded in the record, and the record must affirmatively demonstrate the alleged ineffectiveness. *Thompson v. State*, 9 S.W.3d 808, 814 (Tex. Crim. App. 1999). In most cases, a silent record that provides no explanation for counsel's actions will not overcome the strong presumption of reasonable assistance. *Id.* at 813–14. Appellant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994); *Hayden v. State*, 155 S.W.3d 640, 648 (Tex. App.—Eastland 2005, pet. ref'd).

If trial counsel has not had an opportunity to explain the challenged actions, then we will not conclude that those actions constituted deficient performance unless they were so outrageous that no competent attorney would have engaged in them. *See Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). We note that, although Appellant filed a motion for new trial, the motion, which was filed by trial counsel, does not assert ineffective assistance. Consequently, the appellate record does not contain an explanation from trial counsel concerning his actions. Because trial counsel has had no opportunity to explain his reasoning for his actions or lack thereof, we must assume that he had a strategic motivation for his conduct if any

such motivation can be imagined. *Ex parte Varelas*, 45 S.W.3d 627, 632 (Tex. Crim. App. 2001).

*Motion to Suppress*

In his first claim of ineffective assistance, Appellant contends that his trial counsel was ineffective by not subpoenaing a witness or obtaining an affidavit to support Appellant's motions to suppress, which included an assertion that the warrant was illegal pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). In *Franks*, the United States Supreme Court held that, if a defendant established by a preponderance of the evidence that a false statement made knowingly, intentionally, or with reckless disregard for the truth was included in a probable cause affidavit and if the statement was material to establish probable cause, the questioned information must be excised from the affidavit. 438 U.S. at 164–65; *Harris v. State*, 227 S.W.3d 83, 85 (Tex. Crim. App. 2007). If the remaining content of the affidavit does not establish sufficient probable cause, the search warrant must be voided, and the evidence resulting from that search excluded. *Franks*, 438 U.S. at 155–56; *Harris*, 227 S.W.3d at 85.

Appellant argues that he suffered ineffective assistance because his trial counsel "poorly argued" the motion to suppress and failed to present evidence to support the claim under *Franks*. In the context of a complaint that trial counsel failed to properly pursue a motion to suppress evidence, the burden is on the defendant to prove that a motion to suppress would have been granted. *See Jackson v. State*, 973 S.W.2d 954, 957 (Tex. Crim. App. 1998). Nothing in the appellate record indicates that Appellant's motion had merit and would have been granted.

The record shows that the magistrate issued a search warrant for Appellant's vehicle on November 4, 2014. The search warrant sought "evidence of the murder including but not limited to: bodily fluids and tissue including human blood, skin cells, sweat, and other fluids and tissue that contain DNA; hair; clothing including

4

clothing fibers; and finger prints."  The search yielded, among other things, DNA and blood swabs taken from the vehicle and from a beer bottle and beer can found inside the vehicle.  Appellant's trial counsel filed a motion to suppress, alleging in part that the affiant officer made statements that were false or were made with reckless disregard for the truth.  After a hearing, the trial court denied the motion.

Furthermore, even if we were to assume that trial counsel was deficient in presenting his motion to suppress, we would not hold that trial counsel's performance prejudiced Appellant.  If the trial court had granted Appellant's motion, the proper remedy would have been to void the search warrant and exclude all evidence resulting from the search.  *See Franks*, 438 U.S. at 155–56.  The warrant authorized officers to search Appellant's vehicle for evidence related to the murder.  The evidence from the search warrant included tree bark, cell phones, debit cards, as well as DNA and blood swabs taken from the vehicle and from a beer bottle and beer can found inside the vehicle.  Appellant has not shown that the result of the proceeding would have been different if the trial court had granted the motion to suppress and excluded the evidence obtained from the search warrant.  *See Strickland*, 466 U.S. at 694.

In this regard, we note that one witness testified at trial that she was in the vehicle when Appellant struck and drove over the victim.  Other witnesses testified about the argument between Appellant and the victim, the vehicle jumping the curb, and finding the victim between tire tracks as the vehicle drove away.  Another witness described seeing the victim in the lot pleading with the driver not to hit him, hearing the vehicle's occupants yelling at the victim, and the driver taunting the victim by repeatedly jerking the vehicle forward and stopping.  Appellant also instructed his nephew in a birthday card: "When you hit middle school everyone gonna hate on you because your [sic] going to have all the girls but this is what you tell them: 'My Tio Manny a killa he will run you over.'"  Appellant has not shown

that he received ineffective assistance of counsel with respect to his motion to suppress.

*Voir Dire*

In his second claim of ineffective assistance, Appellant contends that the trial court wrongfully excused a prospective juror and that Appellant's trial counsel failed to preserve error. An appellate court gives "considerable deference" to a trial court's ruling on a challenge for cause "because the trial court is in the best position to evaluate the veniremember's demeanor and responses." *Cardenas v. State*, 305 S.W.3d 773, 776 (Tex. App.—Fort Worth 2009), *aff'd*, 325 S.W.3d 179 (Tex. Crim. App. 2010) (citing *Newbury v. State*, 135 S.W.3d 22, 32 (Tex. Crim. App. 2004)). The Texas Court of Criminal Appeals further notes that a veniremember can be properly challenged for cause when the veniremember is "so vacillating in his responses as to create the impression that he would be 'unable to faithfully and impartially'" follow the law. *Cooks v. State*, 844 S.W.2d 697, 720 (Tex. Crim. App. 1992) (quoting *Foster v. State*, 779 S.W.2d 845, 851 (Tex. Crim. App. 1989)).

During voir dire, a veniremember gave conflicting answers as to whether he could consider imposing a life sentence on a sixteen-year-old convicted of murder. The veniremember also said that he could not consider the mandatory minimum sentence of five years in prison for a murder conviction, stating that "[the defendant] needs to serve more than five years." The veniremember indicated that he was unsure whether or not he could consider the full range of punishment. The State challenged the veniremember for cause, and Appellant's trial counsel objected and explained why he thought the veniremember should not be excused. The trial court sustained the State's challenge for cause based on the veniremember's "nonverbal communication, his demeanor, his facial expressions, and also considering his responses."

Appellant argues that his trial counsel was ineffective because he failed to preserve error on the alleged wrongful excusal of the veniremember. Appellant argues that his attorney was required to preserve error by showing "that he had used all 10 of his peremptory strikes; that a juror was seated upon whom he would have used a peremptory strike and [that counsel] failed to request another peremptory strike." We disagree. The standard that Appellant cites for preserving error would apply if Appellant himself had asserted the challenge for cause and the trial court had denied that challenge. *See Allen v. State*, 108 S.W.3d 281, 282 (Tex. Crim. App. 2003) (stating the test to preserve error for the denial of a challenge for cause). Here, however, Appellant did not assert the causal challenge; the State did. We note that, to show error in the trial court's grant of a State's challenge for cause, Appellant would have to "demonstrate one of two things: (1) the trial judge applied the wrong legal standard in sustaining the challenge, or (2) the trial judge abused [his] discretion in applying the correct legal standard." *Jones v. State*, 982 S.W.2d 386, 388 (Tex. Crim. App. 1998) (alteration in original) (quoting *Vuong v. State*, 830 S.W.2d 929, 943 (Tex. Crim. App. 1992)). We hold that Appellant has not shown that trial counsel failed to preserve error with respect to the excused veniremember.

*Confrontation*

In his third claim of ineffective assistance, Appellant contends that he received ineffective assistance at the punishment phase of his trial. Specifically, Appellant argues that his trial counsel rendered ineffective assistance by failing to object to alleged violations of Appellant's Sixth Amendment confrontation right at the punishment stage of the trial. *See generally Crawford v. Washington*, 541 U.S. 36, 51 (2004). Appellant lists seventy-nine instances of alleged "extraneous conduct" that he claims were admitted without trial counsel making the necessary objection. Many of the seventy-nine instances comprised vulgarities, threats, drug tests, bullying, truancy, school discipline issues, and probation. The complained-of

extraneous conduct was contained in exhibits admitted during the punishment phase of trial and discussed during the testimony of two witnesses: Allison Stafford (the director of the juvenile probation department) and Sergeant Kevin Henry (the custodian of records for the disciplinary reports at the county jail).

The record shows that Appellant's trial counsel objected on both hearsay and confrontation grounds shortly after Stafford began testifying. Then, after reviewing the exhibits offered during Stafford's testimony, which consisted of a "Diagnostic Study and Social History" and a psychological evaluation, trial counsel apparently withdrew those objections. Trial counsel stated: "Judge, it's a mixed bag, but after consideration, I think we're not going to object to the admission of these items." We note that the Diagnostic Study and Social History was prepared for Stafford by an employee of the Taylor County Juvenile Probation Department and that it appears to have been compiled for purposes of making the "recommendation . . . that this case be transferred from the juvenile court to the appropriate adult court."

The record is silent as to the reason for trial counsel's decision not to pursue his earlier objection under the Confrontation Clause, and Appellant has not overcome the presumption that trial counsel could have had a sound trial strategy for his actions. *See Thompson*, 9 S.W.3d at 813–14; *Jackson*, 877 S.W.2d at 771. We therefore conclude that Appellant has failed to show that trial counsel's performance was deficient with respect to Stafford's testimony and the admission of the exhibits that were admitted during Stafford's testimony. *See Strickland*, 466 U.S. at 687.

Appellant further argues that he received ineffective assistance when the State admitted, and Sergeant Henry briefly testified about, a portion of Appellant's disciplinary record from the Taylor County Jail. Appellant again argues that counsel was ineffective for failing to object on Confrontation Clause grounds. However, the portion of the disciplinary record that was admitted into evidence in this case contained only bare-bones recitations of infractions and did not violate the

8

Confrontation Clause.  *See Smith v. State*, 297 S.W.3d 260, 276–77 (Tex. Crim. App. 2009); *Segundo v. State*, 270 S.W.3d 79, 106–08 (Tex. Crim. App. 2008).  Therefore, trial counsel was not ineffective for failing to object on confrontation grounds.

Because there has been no inquiry into counsel's trial strategy and because Appellant has not shown trial counsel's actions to be so outrageous that no competent attorney would have engaged in them, Appellant has not met the first prong of *Strickland*.  *See Strickland*, 466 U.S. at 687.  Moreover, Appellant has also failed to meet the second prong of *Strickland* in that he has not shown that the result of the proceeding would have been different but for the complained-of actions of trial counsel.  *See id.* at 694.  Accordingly, we overrule Appellant's sole issue on appeal.

*This Court's Ruling*

We affirm the judgments of the trial court.

JOHN M. BAILEY

CHIEF JUSTICE

October 25, 2018

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.;
Gray, C.J., 10th Court of Appeals[1];
and Wright, S.C.J.[2]

(Willson, J., not participating)

---

[1]Tom Gray, Chief Justice, Court of Appeals, 10th District of Texas at Waco, sitting by assignment to the 11th Court of Appeals.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.