

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00377-CR
No. 04-19-00378-CR

Joshua **PIEPER**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 186th Judicial District Court, Bexar County, Texas
Trial Court No. 2018CR2080 and Trial Court No. 2018CR2081
Honorable Jefferson Moore, Judge Presiding

Opinion by:      Irene Rios, Justice

Sitting:         Sandee Bryan Marion, Chief Justice
                 Rebeca C. Martinez, Justice
                 Irene Rios, Justice

Delivered and Filed: September 23, 2020

AFFIRMED

Appellant Joshua Pieper appeals his convictions for the offenses of aggravated robbery and

evading arrest. In two issues, Pieper contends he received ineffective assistance of counsel and

the trial court erred by denying his request to sever the charges filed against him. We affirm.

## BACKGROUND

The State charged Pieper with the offenses of aggravated robbery and evading arrest by two separate indictments relating to events that occurred on November 22, 2017.[1] The State tried the cases together, and a jury found Pieper guilty of both offenses. Based upon the jury's recommendation, the trial court sentenced Pieper to ninety years' and fifty years' imprisonment, respectively. The trial court ordered that Pieper serve the sentences concurrently. This appeal followed.

## ANALYSIS

### Ineffective Assistance of Counsel

In issue one, Pieper contends he received ineffective assistance of counsel. Specifically, Pieper complains trial counsel failed to: object to Pieper wearing orange jail slippers during the proceedings; preserve error during voir dire; object to previously excluded testimony; and object to testimony based upon the confrontation clause.

### *Applicable Law and Standard of Review*

To prevail on a claim of ineffective assistance of counsel, an appellant must prove that counsel's representation fell below the objective standard of reasonableness and that a reasonable probability exists that but for counsel's deficient performance the result of the proceeding would have been different. *See Strickland v. Washington*, 466 U.S. 668, 687–89 (1984); *see also Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (applying *Strickland* standard to ineffective assistance claims under the Texas Constitution). When reviewing an ineffective assistance claim, we indulge a strong presumption that counsel's conduct fell within the wide range of reasonable professional assistance and that counsel's conduct constituted sound trial strategy.

---

[1] Each indictment included a habitual offender enhancement paragraph to which Pieper pleaded true.

*Prine v. State*, 537 S.W.3d 113, 117 (Tex. Crim. App. 2017); *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). We will sustain any allegation of ineffective assistance of counsel only if the record affirmatively supports such a claim. *Prine*, 537 S.W.3d at 117.

Trial counsel generally should be given an opportunity to explain his actions before the court finds counsel ineffective. *Id*. In most cases, direct appeal proves an inadequate vehicle for raising an ineffective assistance claim because the record generally is undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813–14. A defendant may develop a record sufficient to support an ineffective assistance claim at a hearing on a motion for new trial or, alternatively, a hearing on an application for writ of habeas corpus. *Rubio v. State*, 596 S.W.3d 410, 427 (Tex. App.—Dallas 2020, pet. granted); *Jones v. State*, 133 S.W.3d 307, 312 (Tex. App.—Ft. Worth 2004, no pet.). In the face of a silent record, we cannot know trial counsel's strategy, so we will "not find deficient performance unless the challenged conduct is so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005) (internal quotation omitted).

The right to effective assistance of counsel ensures the right to reasonably effective assistance … [which] does not mean errorless or perfect assistance of counsel … ." *Robertson v. State*, 187 S.W.3d 475, 483 (Tex. Crim. App. 2006); *see also Frangias v. State*, 450 S.W.3d 125, 136 (Tex. Crim. App. 2013) (stating that a defendant is not entitled to wholly errorless representation). Instead, we "review the totality of the representation and the circumstances of each case without the benefit of hindsight." *Lopez v. State*, 343 S.W.3d 137, 143 (Tex. Crim. App. 2011). Though counsel's conscious decisions are not insulated from review, unless an appellant overcomes the presumption that counsel's actions were based in sound trial strategy, we will not find ineffectiveness. *Ex parte Flores*, 387 S.W.3d 626, 633 (Tex. Crim. App. 2012).

*Discussion*

In this case, Pieper filed a motion for new trial. However, the only claim raised in the motion was that "[t]he instant judgment is contrary to both the law and the great weight and preponderance of the evidence." No hearing on the motion occurred. Thus, trial counsel did not have an opportunity to explain his strategy or reasoning for his decisions. Further, Pieper does not direct us to any portion of the record where there is evidence of trial counsel's strategic basis for his decisions. *See Stults v. State*, 23 S.W.3d 198, 208 (Tex. App.—Houston [14th Dist.] 2000, pet. ref'd) (pointing out that an appellant cannot meet his burden if the record does not specifically focus on the reasons for trial counsel's conduct).

**Failure to Object to Pieper Wearing Orange Jail Slippers**

Pieper first complains that trial counsel failed to object that prospective jurors observed him wearing orange jail slippers and therefore, failed to preserve the issue for appeal. Prior to jury selection, the trial court attempted to locate shoes for Pieper to wear during trial other than the orange slippers but was unable to find shoes in his size. Outside the presence of the venire, the trial court noted that Pieper was not shackled, his feet were under the table, and it was "not really noticeable." The trial court asked if either side had an objection to proceeding with Pieper wearing the orange slippers, and trial counsel responded, "No objection from Defense, Your Honor."

As noted above, the motion for new trial did not include any claims of ineffective assistance of counsel. Therefore, counsel was not provided an opportunity to explain his actions. From the record before us, we cannot determine that counsel's complained-of performance was "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392.

**Failure to Preserve Error During Voir Dire**

Pieper next complains that the trial court improperly excused four prospective jurors and that trial counsel failed to preserve error. We give "considerable deference" to a trial court's ruling

on a challenge for cause "because the trial court is in the best position to evaluate [a prospective juror's] demeanor and responses." *Cardenas v. State*, 305 S.W.3d 773, 776 (Tex. App.—Fort Worth 2009), *aff'd*, 325 S.W.3d 179 (Tex. Crim. App. 2010). A party may challenge a prospective juror for cause if the prospective juror demonstrates a bias or prejudice against any of the law applicable to the case on which the defense is entitled to rely. TEX. CODE CRIM. PROC. ANN. art. 35.16(c)(2). A prospective juror who cannot convict based on one witness, whom they believe beyond a reasonable doubt, and whose testimony proves every element of the indictment beyond a reasonable doubt, can be validly challenged for cause. *Lee v. State*, 206 S.W.3d 620, 623 (Tex. Crim. App. 2006).

During voir dire, the State challenged four prospective jurors for cause based upon their answers to the one-witness rule. Each challenged prospective juror indicated that he or she would have trouble convicting upon the testimony of just one witness, even if that one witness proved all the elements of an offense beyond a reasonable doubt. Trial counsel objected and explained why he thought the prospective jurors should not be excused. Trial counsel explained, "My objection is that it invades the province of the jury. They get to determine what evidence is shown. They may never get to showing evidence from one person beyond a reasonable doubt." The trial court sustained the State's challenges for cause.

Pieper argues that "[a]lthough counsel did object to the court granting improper … 'cause challenges' during voir dire, counsel still failed to preserve error by not showing how the instant error caused an unlawfully constituted jury." The record, however, does not reflect that the State's challenges against the four prospective jurors lacked merit. Accordingly, Pieper has failed to show that trial counsel's performance was deficient for failing to preserve error. *See Goodspeed*, 187 S.W.3d at 392.

**Failure to Object to Previously Excluded Testimony**

Pieper complains that trial counsel failed to object or request relief in two instances when the State elicited testimony previously excluded by the trial court. First, the trial court determined that the "stolen car case is really a separate issue from both the aggravated robbery and the evading." The State pointed out that they expected at least one officer to testify that the reason for the initial traffic stop was that the vehicle Pieper was driving had been reported stolen. The trial court instructed the State to approach the bench before eliciting such testimony. During the direct examination of Officer Richard Cuellar, and without approaching the bench, the prosecutor asked the witness to describe for the jury what happened or what kind of call he received on that day. Officer Cuellar testified, "I was assisting other officers who were handling an aggravated robbery, looking for a suspect who had stolen a truck and a trailer."

"When claiming ineffective assistance for failing to object, an appellant must demonstrate that if trial counsel had objected, the trial court would have committed error by overruling the objection." *Gauna v. State*, 534 S.W.3d 7, 12 (Tex. App.—San Antonio 2017, no pet.) (citing *Ex parte Martinez*, 330 S.W.3d 891, 901 (Tex. Crim. App. 2011)). Here, Pieper offers no argument regarding whether, if trial counsel objected to Officer Cuellar's testimony, the trial court would have erred by overruling the objection. *See Ex parte Martinez*, 330 S.W.3d 891 at 901. Further, we are unable to determine from the record whether trial counsel provided ineffective assistance. Because the record is undeveloped in identifying what trial strategies, if any, were employed by trial counsel, we conclude Pieper has not overcome the presumption that counsel's actions were motivated by sound trial strategy. *Ex parte Flores*, 387 S.W.3d at 633.

Next, the State requested that the complaining witness be allowed to testify that Pieper previously threatened the witness with violence. The trial court denied that request and advised the State to approach before eliciting testimony of past incidents. During its redirect examination

of the witness, the State asked why the witness did not "have any intention of initiating any type of fight or struggle with [Pieper]" while Pieper was committing the offense. The witness responded, "Look at his size and look at me. And he's already attacked me for, you know, prior, before in the past." Trial counsel immediately objected, and the trial court advised the State to move on to another question. We conclude that Pieper has not shown that trial counsel failed to object to the excluded testimony. To the extent Pieper complains trial counsel should have requested an instruction to disregard the testimony and, if necessary, a mistrial, the trial record is silent as to trial counsel's strategy, and thus, we cannot conclude counsel provided ineffective assistance of counsel. *See Goodspeed*, 187 S.W.3d at 392.

In the concluding paragraph of his second sub-issue discussing trial counsel's alleged failure to object to previously excluded testimony, Pieper presents the additional argument that trial counsel further provided ineffective assistance by failing to object when the State "emphasized Pack's inadmissible testimony during its closing arguments." By including this additional argument, the second sub-issue becomes multifarious. A point of error is multifarious if it combines more than one contention in a single point of error. *Sterling v. State*, 800 S.W.2d 513, 521 (Tex. Crim. App. 1990). A multifarious point of error presents nothing for review and may be overruled on that basis alone. *See County v. State*, 812 S.W.2d 303, 308 (Tex. Crim. App. 1989). However, we consider the merits of Pieper's additional sub-issue in the interest of justice. *See Prihoda v. State*, 352 S.W.3d 796, 801 (Tex. App.—San Antonio 2011, pet. ref'd) ("As an appellate court, we may refuse to review a multifarious issue or we may elect to consider the issue if we are able to determine, with reasonable certainty, the alleged error about which the complaint is made.").

During the State's closing argument, the prosecutor reminded the jury, "[Pack] told you he was scared for his life. He had been scared of [Pieper] prior to this even happening." Pieper argues

trial counsel performed deficiently by not objecting to these statements. However, Pieper does not present any argument showing that had trial counsel objected, the trial court would have erred by overruling that objection. *See Ex parte Martinez*, 330 S.W.3d at 901. Additionally, we note that this comment by the prosecutor does not specifically mention any previous threat or any other reason why Pack feared Pieper — only that Pack feared Pieper. Accordingly, we cannot conclude that trial counsel's conduct fell outside the wide range of reasonable professional assistance.

**Failure to Object to Testimony Pursuant to *Crawford v. Washington***

Pieper contends trial counsel was ineffective for failing to object on the basis of the confrontation clause when Officer Jimmy Ortiz and Detective Robert Dart relayed statements made by appellant's accomplice, Samantha Caldwell, regarding Pieper's involvement in the offenses. *See Crawford v. Washington*, 541 U.S. 36 (2004) (holding that the Sixth Amendment confrontation clause bars the admission of testimonial statements of a witness who does not appear at trial unless the witness is unavailable and the defendant had a prior opportunity to cross-examine the witness).

Pieper first complains trial counsel should have objected when the State "tried using [Detective Dart] to attribute statements to Caldwell." Pieper cites generally to three pages in the reporter's record. On the pages cited, trial counsel objected, citing "hearsay" and the fact that Caldwell was available to testify, or, later, unavailable to be cross-examined. In two of the three instances, the trial court sustained the objection. With respect to the third objection, which the trial court overruled, the prosecutor asked Detective Dart if he was provided the name of the suspect, and trial counsel objected based upon hearsay. The record is silent as to why trial counsel did not object pursuant to the confrontation clause. Although trial counsel did not make a specific confrontation clause objection, in each instance, the jury did not hear the challenged testimony the State attempted to elicit from Detective Dart. We cannot determine that counsel's complained-of

performance was "so outrageous that no competent attorney would have engaged in it." *Goodspeed*, 187 S.W.3d at 392.

Pieper next complains Officer Ortiz relayed to the jury that Caldwell identified Pieper as the suspect, and that, as a result, trial counsel should have made a confrontation clause objection pursuant to *Crawford*. Our review of the record, specifically of the pages cited by Pieper, reflects that Officer Ortiz did not mention Caldwell in relation to the suspect's identity. Rather, the complaining witness, Billy Pack, gave a physical description of the suspect and identified him as "a son of a cousin of his." Later, when Officer Ortiz identified the suspect by name, Officer Ortiz only stated the name of the perpetrator was provided at the secondary scene. Accordingly, we determine Pieper has failed to meet his burden of showing deficient performance by a preponderance of the evidence. *See Perez*, 56 S.W.3d at 731 (explaining that an appellant bears the burden of rebutting the presumption of sound trial strategy with evidence).

Even if we were to determine Pieper met his burden of proving deficient performance, he failed to show he was prejudiced by the complained-of testimony. Pack testified that on the morning the offenses occurred, he heard a truck pull up outside his residence after he awoke at about 4:00 a.m. Thinking his co-worker had arrived early, Pack opened the door to see Pieper standing outside holding a shotgun. According to Pack, Pieper stated he was taking Pack's things and fired the shotgun once, "[c]lose enough where it blowed [sic] my — the glasses off my head" which put a hole in Pack's ceiling. Pieper loaded a zero turn lawnmower, a Gator, a weed eater, and other equipment on a trailer that was hitched to a dark blue Suburban and then left. Pack testified he knew Pieper prior to the offenses because Pieper is his second cousin. Although Pack initially did not know it was Pieper who pulled up outside his residence, when he opened the door, he recognized "Josh." Further, officers transported Pack to the location where the Suburban and

trailer ran into a tree in someone's yard. Pack identified the Suburban as the one Pieper had been driving when he took the equipment and also identified the stolen equipment located on the trailer.

Given Pack's identification of Pieper as the perpetrator, as well as his identification of the Suburban Pieper was driving, the trailer that was hitched to the Suburban, and the stolen equipment, we cannot say Pieper has shown there is a reasonable probability, sufficient to undermine our confidence in the outcome, that the result of the proceeding would have been different had counsel objected to the complained-of testimony on the basis of the confrontation clause. *See Strickland*, 466 U.S. at 694.

Issue one is overruled.

### Severance

In issue two, Pieper contends the trial court erred by denying his request to sever the two offenses for which he was charged, namely, aggravated robbery and evading arrest. Pieper argues his request was timely, and therefore, the trial court was required to grant the request. The State argues that Pieper failed to preserve the issue for appellate review and that Pieper failed to timely file the request for severance.

#### *Applicable Law and Standard of Review*

Subject to some exceptions not applicable here, whenever two or more offenses have been consolidated for trial, the defendant has the right to a severance of the offenses. *See* TEX. PENAL CODE ANN. § 3.04. Because a motion for severance is a "pleading of the defendant" under article 28.01, it must be raised pretrial to be considered timely. *Thornton v. State*, 986 S.W.2d 615, 617 (Tex. Crim. App. 1999) (per curiam); *see* TEX. CODE CRIM. PROC. ANN. art. 28.01, §§ 1(2), 2. "[I]n the absence of a pre-trial hearing under Art. 28.01, a motion to sever must still be raised pre-trial." *Thornton*, 986 S.W.2d at 617. "The primary reason for a defendant to sever offenses is to limit the presentation of evidence of the defendant's wrongdoing to one offense, rather than allowing

presentation of evidence of multiple offenses." *Id*. Therefore, because it is in a defendant's best interest to limit a jury's exposure to information regarding multiple offenses, "a motion to sever should be made before the jury is informed about the multiple offenses." *Id*.

### *Discussion*

In our independent review of the appellate record, we located only one mention of a request for severance. During the pretrial hearing, the trial court made the following statement:

> I think the defense also wanted to sever the evading from the aggravated robbery. That was denied. It only makes judicial economy, judicial sense to try both of these together.

Neither the clerk's record nor the reporter's record includes a written pre-trial motion requesting that the causes of action be severed. Further, neither Pieper nor the State have directed us to either a motion to sever or a hearing on a motion to sever in the appellate record. *See* TEX. R. APP. P. 34.5(a)(2), 34.6(b)(1). Therefore, we are unable to determine from the record whether Pieper filed a motion for severance, or whether that motion was timely filed. Nor are we able to determine whether the trial court properly denied Pieper's request for severance. Based on the record before us, this issue cannot be fully addressed. *See* TEX. R. APP. P. 38.1(i).

Issue two is overruled.

### CONCLUSION

For the above reasons, we affirm the judgment of the trial court.

Irene Rios, Justice

DO NOT PUBLISH

- 11 -